## WILLIAM ROSE v. JOHN E. CHAPMAN.

44 312
119 391

*Wife's admissions as evidence against her husband—Agency.*

Where a wife's admissions are not confined to acts of agency they cannot be used against her husband in an action on contract against him. unless where they are *res gestæ* and admissible as acts instead of relations of facts.

Error to Clinton. Submitted June 22. Decided Oct. 6..

ASSUMPSIT. Defendant brings error. Affirmed.

*H. & H. E. Walbridge* for plaintiff in error.

*Dennis & Baker* and *R. Strickland* for defendant in error..

CAMPBELL, J. Chapman sued Rose for board of Rose's step-mother, under an agreement to pay what it was reasonably worth. The old lady was about seventy years old, and Rose endeavored to show that her services were such as to reduce the value of board. Only one exception was taken on the trial.

Mrs. Chapman having been sworn for plaintiff below, this question was put on cross-examination, but ruled out because offered expressly for a single purpose that was not lawful: "State whether you had the charge and management of the household matters in your family, and the direction of the work." Defendant's counsel, in putting this question, said that his object was, if receiving an affirmative answer, to show admissions of Mrs. Chapman as to the work of the step-mother while living with plaintiff.

No objection was raised against showing what work the old lady did perform, and it is not likely any would have been made to the question itself if not put for the special purpose named. We do not see any error in the ruling. The question was not put with any view to an impeachment, and was unnecessary for any such purpose. Mrs. Chapman was

examined as to the whole facts, and if it appeared she made any statement on the stand contrary to admissions made elsewhere, then, on a proper statement of time and place, she could have been inquired of concerning them.   But the purpose here was to use her admissions against her husband as binding him, although not confined to acts of agency.   There is no foundation for any such proposition, unless in some cases where the admissions are *res gestæ*, and admissible as acts, and not as relations of facts.   The offer was vague, and pointed to nothing tangible.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.