DOLLY STANSELL v. ALVAH E. LEAVITT AND GEORGE MACOMBER.

*Trover—Source of title—Case for jury.*

Where a married woman brings trover for chattels taken upon a mortgage, against a grantee thereof, and there is conflicting testimony as to whether the grantee held them under an agreement with the husband or one with the wife, and if with the wife, whether it was absolute or conditional, the case is for the jury

Error to Wayne.   Submitted April 5.   Decided April 25.

TROVER by Mrs. Stansell for chattels taken by Leavitt on a mortgage against the Warrens who had obtained the chattels from the Stansells under an arrangement, the nature of which is one of the questions in the case.   The court below directed a verdict for defendant and plaintiff brings error. Reversed.

*Fraser & Gates* for appellant.

*D. C. Holbrook* and *Henry M. Cheever* for appellees.

GRAVES, C. J.   We had this cause before us several terms since and then sent it back for a new trial.   The character of the controversy is sufficiently explained in the published report.   44 Mich. 424.   At the trial subsequently had pursuant to said order, the circuit judge directed a verdict for defendants, and the plaintiff alleges error.   The leading matter of dispute was whether the written contract of sale made by the plaintiff's husband was adopted as applicable to the property in question or whether the agreement which had effect was the oral one made in person by the plaintiff, and in case the latter was the operative arrangement then whether it was an absolute transfer of the chattels to Leavitt's mortgagor, or was conditional on the payment in sixty days of the Warren mortgage of $2500, as claimed by the plaintiff.

On these subjects there was conflicting testimony and it should have been left to the decision of the jury under suitable advice.   We may not assume that another trial will so proceed as to give rise to such questions as the rest of the case before us presents.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.