### DOLLY STANSELL v. ALVAH E. LEAVITT AND GEORGE MACOMBER.

*Statute of frauds—Contract embracing realty and personalty—Agency—Admissions—Proof of existence of bargain.*

Where a written contract for the sale of personalty includes real estate also, the contract for personalty is not necessarily vitiated by non-compliance with the statute of frauds in that portion which relates to realty.

It makes no difference whether an agent, in contracting for the sale of personalty, used his own name or that of his principal, so long as the bargain was carried out with the latter's consent and approval.

In an action involving a sale to a woman through her husband, the latter's admissions after his wife's title has vested, and when he is not acting in her business, are properly excluded; and his admissions as to past transactions cannot bind her if they are not part of the res gestæ.

Proof of an admission cannot be excluded merely on the ground that it does not cover a whole series of transactions.

A man agreed, for his wife, to sell property, and she afterwards brought trover for it, the question in issue not being the rescission of the bargain, but its existence. *Held* proper to exclude a question to the plaintiff as to whether she knew the relative value of the property traded when the trade was made. If important, this question requires the value of each piece of property to be ascertained and made a basis of the inquiry.

The exclusion of a question is not prejudicial error, if its substance is afterwards allowed to be fully inquired into.

The motives of a plaintiff, in an action at law, in bringing a suit in chancery, are not pertinent to the action at law, whether the chancery suit has or has not any bearing on the rights of the parties.

Error to Wayne. (Speed, J.) October 10.—October 17.

TROVER. Plaintiff brings error. Affirmed.

*Fraser & Gates* for appellant.

*Henry M. Cheever* for appellees.

CAMPBELL, J. This case, which has become somewhat familiar, does not present any features of importance beyond what appeared on former hearings in 44 Mich. 424 and 48 Mich. 225. It will not, therefore, be necessary to make any full statement of facts beyond the points needing attention.

The controversy in the record was whether or not plaintiff had sold certain personalty to Mrs. Sarah Warren, defendant's vendor. Evidence was introduced of a written contract in the name of her husband, Garrett Stansell, covering lands and chattels of plaintiff, and of subsequent acts of plaintiff claimed to have been done to carry this contract out. Objections were made to the introduction of this contract as not valid for want of authority. In our opinion a contract for personalty is not vitiated for want of a compliance with the statute of frauds relating to realty, merely because the two are within one paper. There was sufficient evidence of previous authority and of subsequent ratification, and we can see no reason why it was not proper to allow proof of all the facts and circumstances. It could make no difference in the result whether the agent used his name or her name, so long as the bargain was carried out by her consent and approval.

The court properly excluded testimony of John Warren's statements, made after his wife's title had vested, and when he was not acting in her business. His admissions concern-

ing past transactions could not bind her. We do not agree with counsel that the record shows them to have been part of the res gestæ.

It is no objection to proof of an admission that it does not cover a whole series of transactions. It is good as far as it goes, and may corroborate other proof, or form a part of the entire evidence.

We see no error in excluding the question whether plaintiff knew the relative value of the property traded at the time she made the trade. The question is both vague and immaterial. There was no question properly in issue concerning the rescission of a bad bargain. The issue related to the existence of a bargain. The form of the question assumed a trade to have been made, and asked the witness concerning the relative value of what was covered by that very trade. It could not be of any consequence in this suit. Moreover, if important, the relative value required the value of each to be ascertained, and made a basis of the inquiry. It is also to be observed that while this specific question was ruled out, the substance of it was fully inquired into from plaintiff and others, and had it been proper its exclusion was not the occasion of any difficulty.

We can see no pertinence in the inquiry, what motives led plaintiff to sue in chancery. If the chancery record had any bearing on the rights of the parties, it could be of no consequence why the suit was brought. And if not, it would be of still less consequence.

Without going minutely into the charge, we think all the points in question were fairly and sufficiently presented, without in any way interfering with plaintiff's rights. The objections taken are in our opinion overnice verbal criticism.

We find no error, and the judgment must be affirmed with costs.

The other Justices concurred.