ALBRIGHT *v.* McTIGHE *et al.*

(*Circuit Court, W. D. Tennessee.* February 13, 1892.)

1. TORT-FEASORS—JOINT AND SEVERAL LIABILITY.
   In an action for malicious prosecution against several defendants, a recovery may be had against one or more or all, as their liability is joint and several, and plaintiff might have brought separate actions, though he could have but a single satisfaction, except as to costs.

2. SAME—NEW TRIAL—MOTION FOR BY ONE DEFENDANT.
   In such an action, where plaintiff has obtained a general verdict against all the defendants, who subsequently move for a new trial, the court has the undoubted power, upon a proper case made, to grant the motion for new trial as to one of them and overrule it as to the others.

**3. SAME.**
    Plaintiff sued three defendants as partners in an action for malicious prosecution. They were represented by the same counsel, pleaded jointly, and verdict for $7,500 was rendered against them all, and they jointly moved for a new trial. Subsequently S., one of them, employed new counsel, and renewed the motion on his own behalf, supported by his affidavit that he was not a partner with the others at the time of the wrongs complained of, knew nothing of such wrongs except from newspaper report, and did not know of the suit against himself therefor until after verdict, and did not attend the trial. *Held* that, though his negligence might technically not be sufficient ground for the motion, yet, in the discretion of the court, it ought to be granted, under the circumstances, to enable him to make this defense, which was not made at the trial; and that the others should be given a new trial because the several liability of defendants as wrong-doers was not considered at all in the case before this motion, and *non constat* that the jury, upon full discussion and consideration of this question, would have given the same verdict against two defendants as was rendered against all, or would have found the same damages, if any, against S. as against the others.

At Law.   Motion for new trial.

*James M. Greer* and *J. S. Duval*, for plaintiff.

*McDowall & McGowan* and *Morgan & McFarland*, for defendants.

*Turley & Wright*, for Sullivan.

HAMMOND, District Judge.   This is an action of tort, brought by the plaintiff against "the defendants, J. S. McTighe, I. L. McKee, and T. Sullivan, doing business under the firm name of J. S. McTighe & Company," the declaration containing two counts,—one for malicious prosecution of the plaintiff upon a criminal charge, the other for false imprisonment.   Four pleas were filed—*First*, not guilty, by "the defendants J. S. McTighe and T. Sullivan;" *second*, a like plea by "the defendants J. S. McTighe & Co;" *third*, a similar plea by "the defendant I. L. McKee;" and, *fourth*, "the defendants" plead not guilty, and say the imprisonment declared "was in all respects lawful, and was not false or malicious."   Upon these issues a trial was had, resulting in a verdict and judgment for plaintiff "against the said defendants, J. S. McTighe, I. L. McKee, and T. Sullivan, doing business under the firm name of J. S. McTighe & Company," for $7,500, and "the defendants" moved for a new trial.   Subsequently the defendant T. Sullivan "asks that a new trial may be awarded as far as he is concerned," and files his affidavit to the effect that the said firm of J. S. McTighe & Co. was not a general partnership, but was formed for the specific purpose of carrying out two contracts, and was only intended to last during the execution of the work covered by them; that both contracts were completed nearly a year before the acts complained of in the declaration, when the special partnership terminated by limitation; and that a full and final settlement of all the affairs of the said partnership was had by the said partners some nine months before the time of the transactions for which suit is here brought.   No counter-affidavits have been filed to that of Sullivan, but it appeared in proof on the trial of this case that he was a witness for the state in the prosecution against the plaintiff here, which the declaration alleges was malicious.   This defendant certainly now makes a strong showing for a new trial as to himself, and especially so when considered in view of the weakness of the testimony produced against him before the jury.   If the fact be that at the time of the plaintiff's ar-

rest he was not a member of the firm, that he knew nothing of that arrest except what he saw in the newspapers, and took no part in it or the prosecution of the indictment except as a witness, it may be that the jury would have found altogether in his favor, or have mitigated the damages as against him, if only technically liable. The difficulty, however, is that this defense he now makes was not pleaded by him to the declaration, nor attempted to be established by testimony on the trial. His excuse for not having made this defense is that he did not know that he was sued, nor that he was interested in the case on trial, nor that a judgment had been rendered against him, until he saw an account of this trial in the newspapers, when he consulted his present counsel. Although he was served with process, it may be true that he did not appreciate the effect of it upon him; and, as his counsel argues, he supposed he was not involved, but only the firm as it stood when the plaintiff was arrested. Certainly no separate defense was made for him by counsel for the firm, and neither in the pleadings nor the trial nor the argument, except that it was argued that there was no proof against him, was any distinction made between him and the other defendants. Undoubtedly it is too late after judgment for a defendant to say that he did not know that he was sued, or was not aware of his defense, or the like, and, technically, it is no ground for a new trial. Yet the trial court, in exercising this power to grant new trials, looks over the whole field, and considers those features of the proceeding which are sometimes hard to describe, but which nevertheless appeal strongly to the sense of justice in the application of technical rules like that. I noticed at the trial that Sullivan was not present, and seemed to be taking no interest in the suit, which was of such tremendous import, under the proof, for all who were responsible for the wrongful arrest and prosecution of the plaintiff. There was only slight proof against him, and his liability grew entirely, seemingly, out of the rule that his firm was responsible, as a firm, for the torts of its members in the prosecution of its business. Of course the court was not aware of the facts now presented in his behalf; but at one time in the trial, when counsel so strenuously argued for him that he had taken no part in the arrest or prosecution, except as a witness, and that the firm was not responsible as a firm for such torts, it occurred to me that possibly there should be a verdict for him, but finally concluding that he was liable, however passive he may have been, knowing, as he did, of the prosecution, and taking no steps to stop it, not using his power or right as a partner to stop it, or at least to disaffirm or disconnect himself with it, I made no distinction, on charging the jury, as to him, and the verdict was rendered against him on that theory. Therefore it was that no instructions were given at all with special reference to him, or to joint and several liability of the parties, and the case was tried as if all were equally liable.

But the question first presenting itself is, of course, whether a new trial can legally be granted him without awarding a new trial of the whole case, both as to him and his co-defendants. It is settled beyond all controversy that the liability of defendants in a suit of this kind is

joint and several. All the persons liable, or any one or more of them, may be sued in the same action, and a recovery may be had against one or more or all the defendants in the suit, or plaintiff may, at his election, bring several actions against persons engaged in the same wrong-doing, joining them as he pleases, and may obtain several judgments for different amounts; but his acceptance of satisfaction of any one of the judgments will operate as a satisfaction of them all, except as to the costs. *Lovejoy* v. *Murray*, 3 Wall. 1, 10, 11; *Chaffee* v. *U. S.*, 18 Wall. 516, 538; Cooley, Torts, 136. And in Tennessee, as elsewhere, the plaintiff may elect which judgment he will enforce. *Knott* v. *Cunningham*, 2 Sneed, 204; *Christian* v. *Hoover*, 6 Yerg. 505.

The defendants McTighe and McKee strenuously insist that Sullivan cannot alone be granted a new trial of the issue upon this record, as he was sued jointly with them, pleaded jointly with them, defended jointly with them at the trial, which resulted in a joint judgment against them all, and with them jointly moved for a new trial; and that his subsequent motion cannot avail him, without necessarily inuring to their benefit. That Sullivan should have a new trial, they agree, but claim that for the error as to him there must be a new trial as to them also. Before taking up that question, it may be well enough to point out that possibly Sullivan is not entitled to a new trial so much because of any error as to any of them, but only as a matter of judicial condonation of his negligence, if it may be so expressed; though I suppose it must be treated rather as an error in the trial that the court did not call the attention of the jury more particularly to the fact that as to all joint wrong-doers some may be more flagrant in their wrong-doing than others, and let the jury grade the wrong in their verdict, if need be; and the real question is, what is the effect of this error as to one joint wrong-doer upon the verdict rendered jointly against all? Upon this question there is a conflict of authority, the older cases, and perhaps some modern ones, holding that one of several defendants in an action of tort cannot be awarded another trial unless all are. *Bond* v. *Sparks*, 12 Mod. 275; *Parker* v. *Godin*, 2 Strange, 813; *Doe de Dudgeon* v. *Martin*, 13 Mees. & W. 810, and note *a;* 2 Tidd, Pr. 911. The better doctrine is, however, otherwise, as the cases abundantly show; and while some of them endeavor to establish distinctions from the old rule, others boldly repudiate or ignore it altogether. In *Price* v. *Harris*, 25 E. C. L. 159, 10 Bing. 331, the action was against 17 defendants "for injury in the nature of waste." There was a judgment by default against Proctor for £900, and a verdict for the other 16 defendants. The court granted the plaintiff a new trial as to Harris, upon payment of all costs except Proctor's, who was in no event to be held liable beyond the £900, and upon entering a *nolle pros.* as to the other 15 defendants. *Brown* v. *Burrus*, 8 Mo. 26, was an action of trespass against three defendants for taking away a negro girl; trial resulting in a verdict in favor of two of the defendants and against the other. Held, he could move for a new trial. In *Palmer* v. *Kennedy*, 7 J. J. Marsh. 498, the question was whether both defendants must join in appeal from a judgment rendered against them by a justice of the

peace, and in resolving it in the negative the court uses this language: "If there be two or more defendants, and judgment be rendered against them jointly in the circuit court, one who considers himself aggrieved may move for a new trial, and obtain it, against the will of his co-defendant." *Terpenning* v. *Gallup*, 8 Iowa, 74, was an action of trespass *quare clausum fregit*, with a verdict against all six defendants, who moved for a new trial. On plaintiff's motion, the verdict was set aside as to one defendant, and the court refused the others a new trial, saying:

"The objection now is that, if the verdict was set aside as to one of the defendants, it should have been as to all; that it was an entirety, and that the judgment must strictly follow the verdict. We do not so understand the law. In this action the jury could have found all the defendants guilty, or all not guilty, or a part guilty and the others not guilty. And after verdict it was perfectly competent for the court to grant a new trial to one or more of the defendants, if satisfied that they were improperly convicted, and render judgment upon the verdict as to the others. "

Where defendants sued as joint tort-feasors answer separately, H. averring that he, with others not sued, committed the act, which was lawful, and that his co-defendants had no part in it, held, "it was not error to the prejudice of H. to overrule his motion for a new trial, while sustaining a separate motion by the other defendants to set aside the verdict as to them." *Heffner* v. *Moyst*, 40 Ohio St. 112. *Hayden* v. *Woods*, 16 Neb. 306, 20 N. W. Rep. 345, was an action of tort against husband and wife. Separate motions were made by them, and overruled. The contention in the supreme court was that, if the verdict against the wife could not be sustained, the husband was also entitled to a new trial:

"*Per Curiam.* If no other reason for the opposite rule could be assigned, we think one can be found in the separation of their motions for new trial and their petitions in error, by which they have separated and severed their rights and interests. But to our minds it is clear that the results claimed by plaintiffs in error do not necessarily follow. While it is true that the action is against both jointly, it by no means follows that the verdict must be against both or neither. * * * A cause of action is stated against both the plaintiffs in error in certain counts, and the proof makes a case against one of them, but, in our opinion, not against the other. Could not the jury have found against one and not the other, and their verdict stand? If so, why cannot a new trial be granted to one and not the other? * * * Tort-feasors are jointly and severally liable. An action may be maintained against one or all, at the option of the injured party. Several and separate judgments may be rendered in separate actions, but the satisfaction of one satisfies all, and to this extent only may their liability be said to be joint."

Citing the above cases and others, it is said in 16 Amer. & Eng. Enc. Law, p. 645, that this rule applies "to a motion by the defendants in actions against two or more tort-feasors, and a verdict may be set aside as to one and a judgment rendered against the others." *Houston* v. *Bruner*, 39 Ind. 376.

Such is believed to be the well-settled law in this state. In *Smith* v. *Foster*, 3 Cold. 147, there was a verdict and judgment against several defendants for $25,000 in an action of tort. An application by Cox, a defendant, was made by petition to set aside the judgment as to himself

and the other defendants, which was denied, and an appeal taken. The supreme court in its opinion regards and treats Cox's petition "as in the nature of an application for a new trial," and, in affirming the judgment as to two of these defendants and reversing as to the others, says:

"In an action of this kind, where the legal liability of the parties is several, as well as joint, and the plaintiff might maintain the action against any one or all the defendants, they cannot be heard to say that because the judgment is erroneous as to one or more of their co-defendants, it is therefore erroneous, as to them."

And even in an action by the state upon a liquor license bond, where the judgment was against all the parties to the bond who were defendants, and new trial refused below, the court, affirming the judgment as to two of them, and remanding for a new trial as to the other, says:

"The rule that a judgment is an entire thing, and therefore, if void as to one party, cannot be allowed to stand as to any of the other parties, is a purely technical one. A judgment may be correct as to one, and altogether erroneous as to another joint party." *Webbs* v. *State*, 4 Cold. 199, 204; *Gordon* v. *Pitt*, 3 Iowa, 385.

Of the cases cited to the contrary of this rule by counsel for defendants, *Sperry* v. *Dickinson*, 82 Ind. 132, was an action for the foreclosure of a mortgage; *Riggs* v. *Hatch*, 16 Fed. Rep. 839, an action upon a promissory note; *Draper* v. *State*, 1 Head, 262, a "joint" action upon a sheriff's bond; *Findlay* v. *Hinde*, 1 Pet. 241, an equity cause, in which the question was one of proper parties; *Trousdale* v. *Donnell*, 4 Humph. 273, an action of debt simply; and *Bank* v. *McClung*, 9 Humph. 98, a joint action upon a note, in which judgment was rendered against the makers and in favor of accommodation indorsers. *Ouly* v. *Dickinson*, 5 Cold. 486, so much relied on, was replevin when service was had on only one of two defendants. In awarding a new trial to both, the supreme court bases its judgment on the idea that in replevin upon a restoration of the property involved, in case plaintiff should fail in the action, "the title or right of possession may be with the defendants jointly;" the opinion using this language: "It is enough that in a case of this kind it appears, that the interests and rights of the defendants are so blended that it is not proper to sever them in the record."

Without further citation or review of the authorities, I am well satisfied that the court has power to grant Sullivan a new trial of this case, and overrule the motion as to the other defendants; and, in view of all the facts and circumstances of the case, and of the defenses set forth in his affidavit filed in support of his motion, and in order that he may have opportunity to make such defense upon its merits, and that, notwithstanding the technical reasons disclosed by the pleadings and record in this suit, there may be no failure of justice, I have concluded to grant him a new trial. The impression made upon me at the argument of his motion was that this course should be pursued unless prevented by some rule requiring a different judgment. Such rule does not seem to exist here. This verdict imposes upon Sullivan a penalty for a wrong which, if his affidavit be true, he did not commit, at least not actively;

and, if he be liable at all, it is only because he was a partner in the business about which the trouble arose with those who committed it against the plaintiff, and did not, knowing the facts, disaffirm it for himself. The facts as to him were not before the jury as they really existed, and, although this is technically his own fault or that of his counsel,—one or the other, or both,—it does not seem to me entirely just that a verdict, which perhaps the jury would not have given against him to its full extent if they had known all the facts, should stand only because of his negligence of his defense. It is a very severe penalty for negligence in the conduct of a lawsuit by one who treated it so lightly that he gave it no attention, and did not attend the trial. This shows that he did not appreciate its importance to him or the nature of his defense.

Without considering all the numerous grounds upon which the other defendants make their motion for a new trial of this entire case, or ruling upon the many perplexing questions presented by them, I have concluded, after much hesitation, to grant a new trial as to all of the defendants. The question of the joint and several liability of these defendants as tort-feasors was not much discussed before the jury, if at all. Proof was admitted showing the solvency of the firm of McTighe & Co., and its ability to answer any probable verdict that might be found against the firm. It by no means follows that this or another jury would compute the same damages against two of the defendants as against all three of them, and while, perhaps, in strict law, this would not be a sufficient technical ground for a new trial in an action of tort like this, where the defendants are jointly and severally liable to the plaintiff for such damages as he may recover, yet, exercising that discretion which all courts possess in the matter of new trials, and to enable the defendants to more fully present this view of the case to the consideration of another jury, I am constrained to direct a new trial of this case, solely because I feel that it may be unjust to McTighe and McKee, whatever wrong they may have committed against the plaintiff, however enormous the outrage upon him may have been, and however justly they may deserve this verdict, to assume that the jury, with all the facts before them as to Sullivan, and excusing or mitigating the wrong as to him, would have given the same verdict as to them. There were three partners sued, and all were supposed to be equally guilty and equally liable. From the beginning to the end, no distinctions were made between them, and the verdict was given on this basis. However technically we may have the power (and I do not doubt it) to enforce against two a verdict which was given against three, it seems to me it would be yielding too much to a sense of justice to an outraged plaintiff, and in some sense would be assuming the power and authority of the jury in affixing the damages, for the court to discharge one of three, and hold only the two, when the jury had not had their attention called to the matter in any way. To invoke the rule of the separate liability of each and every one of several joint tort-feasors for the very first time in the trial of a case upon the motion for a new trial, and to enforce it by a

ruling that one may be discharged after verdict against all, and the others held, may be lawful enough under some circumstances; but a court acting impartially towards all parties must feel a sense of its injustice when it appears that neither in the declaration, the pleas, the arguments of counsel, nor the charge of the court were the jury invited to give their consideration to that subject, and that they rendered a verdict supposing, as they might do, that all were to share its burdens, if all were able to do it. It is too much like a verdict by the court than one by the jury to take advantage of these technicalities by refusing two of the defendants a new trial which is given to the other. Another jury will vindicate the plaintiff just as surely as this has done, if the facts and the law entitle him to the vindication he has received at the hands of this jury, whose enforcement of the right of exemption from wrongful arrest and imprisonment is in every way to be commended, and whose verdict is set aside most reluctantly for no fault of theirs. But the court will be better satisfied that such vindication comes from the verdict of a jury, with full knowledge of all the facts, than from a ruling of the court, however technically correct, that imposes upon two a liability the jury intended that three should bear.

New trial granted.