HALL *v.* MURDOCK.

| 119 | 389 |
| s123 | 555 |
| 119 | 389 |
| 148 | [2]395 |
| 119 | 389 |
| f151 | [2]240 |

1. SECOND APPEAL—LAW OF CASE.
   A decision concerning the propriety of submitting an issue to the jury, made on a former appeal of the case, is binding on a subsequent appeal, where the testimony on the last trial was the same.

2. NEGLIGENCE—ADMISSIONS OF AGENT—HEARSAY.
   Admissions of an agent in charge of an elevator at the time of an accident, that the cable was out of repair, are not competent to charge the principal with negligence.

3. TRIAL—INSTRUCTIONS—ELEVATORS—DUTY TO TEST CABLE.
   In an action for injuries sustained while riding on an elevator, the cable of which is alleged to have been defective, an instruction to the jury directing them to consider the necessity of periodical tests, and permitting them to base a verdict upon their own opinions of the practicability and necessity of tests, in the absence of evidence to show what, if any, kind of test of strength was practicable or reasonable,—is erroneous.[1]

Error to Calhoun; Smith, J.　Submitted January 24, 1899.　Decided February 21, 1899.

Case by Charles E. Hall against Sarah M. Murdock, impleaded with Gilson E. Murdock, for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*John C. Patterson* (*H. E. Winsor*, of counsel), for appellant.

*Lyman B. Trumbull* and *Charles A. Blair*, for appellee.

HOOKER, J.　The defendants are husband and wife, and were charged with negligence in maintaining an ele-

---

[1] As to liability for injuries to elevator passengers, there is a note to *Mitchell* v. *Marker*, (C. C. App. 6th C.) 25 L. R. A. 33.

vator upon which the plaintiff was injured while riding in company with Mr. Murdock by his invitation. A former trial was reviewed in 114 Mich. 233, where an outline of the case will be found. At the last trial a verdict of $800 was returned, and Mrs. Murdock has appealed.

It is contended that there was no evidence tending to show that Mrs. Murdock was interested in the storing of the plaintiff's goods, or that Mr. Murdock was authorized or attempted to act as her agent in relation thereto, or in extending an invitation to the plaintiff to ride upon the elevator; also, that there was no evidence tending to prove that the elevator was out of repair, except the statements of her husband, and the exhibition of a short piece of the cable, and that the former should not have been considered by the jury as against her, and that the court erred in refusing to strike it out as against her, and in allowing the case to go to the jury, and that the following instruction was erroneous:

"I thought I would say further about that, if you find as a fact that Murdock admitted to Raub that the cable was worn out, that would be an admission as to the condition of the cable, and would bind him. An admission of his I don't think would bind Mrs. Murdock, but if you find from the evidence, under the charge I gave you, that Mrs. Murdock would be liable because of the negligence of Mr. Murdock; if you find he was negligent in the care of the cable, and further find he was acting as her agent in the care of the elevator and building,—then she would be bound by the proof as to the condition of the cable at the time of the accident, not really because of the admission, but because the admission, if proven and believed, has a tendency to show the condition of the cable at the time. In other words, there was considerable proof in the case regarding the ownership of the building, and what was done with the rents and profits. Now, if you find from the facts and evidence in the case, and under the charge of the court as submitted to you, that Mrs. Murdock is holden with him, if he is holden for his negligence, then the fact of an admission of the condition of the cable, if you find that to be proven, would bind Mrs. Murdock as to its condition as much as it would bind Mr. Murdock."

The plaintiff's theory was that the building belonged to Mrs. Murdock, and that there was evidence tending to show that Mr. Murdock collected the rents for the portions that were rented, on behalf of and for his wife, and that from this the jury might find that he acted as her agent, not only in collecting the rents, but in storing the goods and inviting the plaintiff to ride upon the elevator. It may be that the question of Mr. Murdock's agency upon all of these matters is foreclosed by the former opinion, where it says:

"The plaintiff called Mrs. Murdock as a witness, and she testified that, after the property 'was deeded to me, he [Mr. Murdock] was to have charge of the business. He was to collect rents. He was not to have the rents.' Upon cross-examination by her counsel, she testified that she was mistaken when she testified as above, and that the rents belonged to her husband. Under this testimony, it was not error to leave the question of her liability to the jury, which the court did, under proper instructions."

As this testimony was the same at the last trial, inasmuch as it was read from the notes of testimony taken at the former trial, the contention that the court should not have left to the jury the questions of whose business it was, and whether the husband was acting as his wife's agent, is met by the former holding upon those subjects. The same is true of the claim that there was no evidence of negligence, as it is settled that there was, upon a record substantially similar. But that decision does not say that the admission of the husband might be used to prove negligence against the wife, nor does it appear that a charge similar to that quoted above was given. The statements of an agent, when made in the course of his employment, and while engaged in the business of the principal, are binding upon the principal, because they are a part of the *res gestæ;* but no agent is employed to make admissions outside of his employment. *Rose* v. *Chapman,* 44 Mich. 312; *Canadian Bank of Commerce* v. *Coumbe,* 47 Mich. 358; *Stansell* v. *Leavitt,* 51 Mich. 536; *Benner*

v. *Feige*, Id. 568; Mechem, Ag. § 714, and note; *Patterson* v. *Railway Co.*, 54 Mich. 103. In the case of *Vicksburg & Meridian Railroad* v. *O'Brien*, 119 U. S. 105, the court, quoting Mr. Justice Strong (*Packet Co.* v. *Clough*, 20 Wall. 541), states the reason of the rule to be that "the agent to do the act is not authorized to narrate what he had done or how he had done it, and his declaration is no part of the *res gestœ*." Counsel do not appear to dispute this legal proposition, and the learned circuit judge recognized the rule in his charge. The paragraph quoted was probably an inadvertence, the jury having returned for further instruction. This fact made it the more injurious, however, as it tended to give emphasis to what was said. The argument of counsel for the plaintiff, contained in their brief, shows their interpretation of this instruction:

"We submit that the instructions of the court on pages 276 and 277, construed in the light of his former instructions, naturally mean, and must have been understood by the jury to mean, that if they found that she was liable for the negligence of her husband, and they found that he made the admission to Raub, and was bound by it, as to the condition of the cable at the time of the accident, and was negligent, then, since his negligence was her negligence, she also was bound. If the jury found that Gilson E. Murdock was liable to the plaintiff for negligence, and that he was acting as the agent of Sarah M. Murdock, then Sarah M. Murdock was liable. Whatever evidence bound Gilson E. Murdock, and rendered him liable to plaintiff as the agent of Sarah M. Murdock, also rendered her liable, not because his admission bound her as a matter of law, but because whatever made him liable as her agent made her liable as his principal."

It also shows the fault of the proposition, claiming as it does that the admission might, under the circumstances, bind Mrs. Murdock. The instruction given was equivalent to saying that Mrs. Murdock could not be bound by these admissions unless Murdock was her agent, but, if he was her agent, she would be bound by them, if the jury were able to find from such admissions and other testi-

mony that he was negligent, for the reason that, being her agent, his negligence was her negligence. The impropriety of this may be illustrated in another way. Suppose Mrs. Murdock alone had been prosecuted for the negligence of her agent. In that case she might have been found guilty upon proof of the negligence of her agent, but not upon his admission of such negligence, which would have been excluded. Manifestly such admissions are no more binding upon the wife by reason of the husband being joined than as though she were sole defendant.

Error is assigned upon the following instruction:

"The duty of the defendants in this case required them not only to test the cable of the elevator before it was put into use, but also to test it from time to time subsequently, in order to ascertain whether it was deteriorating by wear and tear. The test of negligence in such cases is not whether the particular defect which was the cause of the injury could possibly have been detected by the use of scientific means of investigation, but whether the defect ought to have been observed practically, and by the use of ordinary and reasonable care, and whether the defendants used in this case such reasonable and ordinary care. This is for you to determine from the evidence in this case. It is for you to determine, from all the circumstances of the case, whether the inspections as made, by looking at the cable, were sufficient, or whether tests of its strength should have been made. It was the duty of the defendants to make such tests of the strength of the cable as were reasonable and practical; and it is for you to say, under all the evidence in the case, whether they did make such tests; and, if you find they did not, then they would be guilty of negligence. You are to be governed in its consideration by the evidence in the case, and decide it with reference to this cable and the uses to which it was placed. It would be the duty of the owners of the elevator to use ordinary care in looking after it, and to keep it, as far as they could by such ordinary care, safe for the uses to which it was placed; and if you believe from the evidence in the case that a test of the tensile strength of the cable, when inspected, was necessary, then they should have done it."

This states unqualifiedly that the owner of the elevator was required by law to test the strength of this cable from time to time. Afterwards it leaves it to the jury to determine whether tests of strength should have been made. It does not point out any rule by which the jury could determine such necessity; nor do we find anything to show how tests might be made, or what kind of tests would be adequate, practicable, and safe. There is nothing in the case to indicate that it was feasible to have the elevator taken down and the cable detached, that it might be subjected to a strain to determine that it was safe. It is obvious that tests might be made by subjecting the elevator to heavier loads than it was expected to carry. But in either case such test might, by weakening the cable, hasten the catastrophe that such tests were intended to avert. There was no evidence that such or any other kinds of tests of the strength of elevator cables are common, and we cannot take judicial notice that they are common, or that it would be prudent to make them. Apparently it would be safe to rely upon inspection and examination, rather than upon tests of a cable which might impair it. But the jury were directed to consider the necessity of periodical tests, and permitted to base a verdict upon their own opinions of the practicability and necessity of tests, when there was nothing in the case to show what, if any, kind of a test of strength was practicable or reasonable.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.