MORELAND *v.* DUROCHER.

1. INTOXICATING LIQUORS—PLACE OF SALE—EVIDENCE.
   Evidence that beer had been served on various occasions in a sitting-room connected with a bar-room is admissible to show that the sitting-room was a part of the saloon.

2. SAME—CIVIL-DAMAGE SUIT—INSTRUCTIONS.
   An instruction, in a suit brought by a wife under the civil-damage act against the proprietors of different saloons, that plaintiff was entitled to a verdict if the jury should find that either of the parties sold the husband intoxicating liquors, and that the sale contributed to his death, is not prejudicial, as authorizing a recovery against both defendants upon proof of sale by one only, when given in connection with an instruction that verdict could be rendered against both only in case it should be found that both sold liquor to deceased which contributed to his intoxication.

3. SAME—NEW TRIAL—SEVERANCE OF ACTION.
   The liability of defendants in suits under the civil-damage act being several as well as joint, the court has power in a proper case, after judgment has passed against all of the defendants, to grant a motion for a new trial as to a part of them, and overrule it as to the others.

Error to Saginaw; Snow, J.   Submitted June 8, 1899.
Decided September 27, 1899.

Case under the civil-damage act by Maria Moreland
against Leon Durocher, a saloon-keeper, and his bonds-
men, impleaded with Phineas F. Wiggins, another saloon-
keeper, and his bondsmen.   From a judgment for plain-
tiff, defendants bring error.   Affirmed.

*Trask & Smith*, for appellants.

*Crane & Crane*, for appellee.

MONTGOMERY, J.   This action was brought upon the
liquor bond of Leon Durocher and his sureties, John
Schemm and Adam Hemmeter, with whom were joined
Phineas F. Wiggins, Emich F. A. Solms, and Peter
Bauer.   The claim of the plaintiff is that her husband
became intoxicated from drinking liquor obtained at the
respective places of business of Durocher and Wiggins,
and while he was intoxicated he was run over by a train
on the Michigan Central Railroad, and received injuries
from which he very soon died.   Both defendants Du-
rocher and Wiggins offered testimony tending to prove
that no drinks were furnished deceased in their respective
places of business.   The jury found for the plaintiff against
all the defendants in the sum of $1,200, and judgment was
entered on this verdict.   Attorneys for Durocher and his
bondsmen made a separate motion for a new trial on the
ground that the verdict was against the weight of evi-
dence.   The attorney for Wiggins and his bondsmen
moved for a new trial on their behalf.   These motions
came on to be heard.   That of Wiggins and his bondsmen
was granted, and a new trial ordered as to them.   That
of Durocher and his bondsmen was denied.   These de-
fendants bring error.

Error is assigned upon the ruling of the court permitting
witnesses to testify that the room in which beer was
served to deceased was a sitting-room connected with the

bar-room, and that on other occasions beer had been served there. This was competent for the purpose of showing that it was a part of the saloon. *People* v. *Crowley*, 90 Mich. 366.

Complaint is made of a ruling permitting a physician to testify as to the probable effect of the liquor on the deceased, taken at the time that it is claimed the liquor was drunk. We think the witness showed himself competent to give this testimony. Complaint is also made that a hypothetical question was based upon facts not in evidence, and put to this witness; but an examination of the record convinces us that there was evidence to support the statements contained in this question.

A criticism is made upon a portion of the charge reading as follows:

" If you are satisfied, under the evidence and the law as given you by the court, that these parties did, either of them, sell — furnish — Moreland the liquors, and that the sale or furnishing contributed to the death of this man, then give the plaintiff such a verdict as in your judgment you think she is entitled to. If, on the other hand, you find that they, or either of them, did not sell or furnish him the liquor, then, no matter how unfortunate she may have been, she has no claim upon them for a judgment in this case."

The court had previously instructed the jury as follows:

"This action is brought against two separate dealers in intoxicating liquors and their respective bondsmen, not because it is claimed that such dealers are or were associated together in business, but upon the ground that each sold intoxicants to David Moreland, the husband of the plaintiff, that helped to produce the intoxication that it is claimed he was laboring under at the time he received the injuries that resulted in his death. You cannot lawfully render a judgment against all of these parties unless you find that the deceased had received intoxicating liquor from both Wiggins and Durocher, and that the liquors so received were contributing to the intoxication that he labored under when he received his injury."

We think it very clear that the instruction which coun-

sel object to could not have been construed by the jury as authorizing a recovery against all the defendants upon proof of sale by one only. The charge, as a whole, was fair and clear.

The question of most importance arises out of the action of the court in granting a new trial as to a portion of the defendants, and allowing the judgment to stand as to the remainder. It is contended by the defendants that the effect of this order was to vacate the judgment as to all, and that upon the recovery of verdict and judgment against several defendants, whether in an action of tort or upon contract, a new trial cannot be granted as to a portion of the defendants only. Authorities are not wanting to sustain this contention, but the modern authorities sustain the ruling of the circuit judge. As pointed out in the case of *Bicknell* v. *Dorion,* 16 Pick. 478, by Chief Justice Shaw, under the ancient practice, when a verdict is set aside, a *venire facias de novo* is awarded, and no notice is taken of the first *venire,* or of the proceedings under it, and, upon an award of a new trial as to part of the defendants, there would be nothing on the record to support the verdict against the other defendants. In this State there is nothing in our method of procedure which raises such seeming difficulties. In this case the plaintiff might have proceeded against the defendants as to whom the judgment now stands, or she might have discontinued the case as to their co-defendants at any stage of the proceedings. It is not easy to perceive, therefore, where the action is thus severable as well as joint, and where the right exists to proceed against a portion or all of the defendants, why the plaintiff should be compelled to lose her judgment against a portion because it appears that the others are entitled to a new trial. The case of *Albright* v. *McTighe,* 49 Fed. 817, contains a careful review of all the authorities, and the conclusion is reached that, by a clear weight of modern authority, the practice pursued in this case is proper. See, also, 14 Enc. Pl. & Prac. 938. Counsel for defendants refer to *Powers* v. *Irish,* 23 Mich.

429, as opposed in principle to the case above referred to. This case has not been followed in later cases. See the opinion of Chief Justice CAMPBELL in *Sutherland* v. *Ingalls*, 63 Mich. 620 (6 Am. St. Rep. 332).

Judgment will be affirmed.

The other Justices concurred.