HALL *v.* CALHOUN CIRCUIT JUDGE.

1. APPEAL AND ERROR — EFFECT OF REVERSAL OF JOINT JUDG-
MENT.

Reversal of a joint judgment on appeal of one of two joint
defendants, and order of new trial, render a new trial néces-
sary before a judgment can be enforced against either de-
fendant.

2. SAME—REVIEW OF DISCRETIONARY ACTION.

Conceding that the circuit judge, after reversal of a joint
judgment on appeal of one of two joint defendants, and
order of new trial, may entertain plaintiff's motion to vacate
the judgment as to appellant and affirm it as to the other de-
fendant, his action in overruling such a motion because, in
his opinion, a verdict rendered against such defendant alone
might be very different from that rendered against defend-
ants jointly, is an exercise of discretion which the Supreme
Court is not inclined to review.

*Mandamus* by Charles E. Hall to compel Clement
Smith, circuit judge of Calhoun county, to vacate a judg-
ment as to one of two defendants, and affirm it as to the
other. Submitted March 7, 1900. Writ denied March
27, 1900.

*Blair, Edwards & Blair,* for relator.

*John C. Patterson,* for respondent.

MOORE, J. The relator obtained a judgment against
Sarah M. Murdock and Gilson E. Murdock, her husband,
in the circuit court for Calhoun county. Mrs. Murdock
brought the case here by writ of error. The case is *Hall
v. Murdock,* 119 Mich. 389 (78 N. W. 329). A refer-
ence to it will aid in understanding this motion. Febru-
ary 21, 1899, the opinion of this court was handed down,
in which it was stated, "The judgment is reversed, and a
new trial ordered." In the following December the plain-

tiff made a motion in the circuit court to vacate the judgment as to Sarah M. Murdock, and affirm it as to Gilson E. Murdock. The court refused to do this. It is to compel him to do so that this application is made.

In his answer the circuit judge returns that on the trial of the case it was the theory of the relator, in two counts of the declaration, that Mr. Murdock was the agent of his wife, and was guilty of negligence for which the wife should be liable; that two counts of the declaration are based upon the theory of the joint ownership and joint maintenance of the elevator which caused the injury, by the two defendants; and that a general verdict was rendered jointly against the two defendants, and a joint judgment was rendered thereupon. In his petition the relator refers to the records of the case, and makes them a part of his petition, and claims that the record shows that he could have recovered only under a count where the action was severable as well as joint; that, as he could have sued one or both or either of defendants, he is now entitled, as a matter of right, to have his motion granted. In support of this contention he cites several authorities,—among them, *Albright* v. *McTighe*, 49 Fed. 817, and *Moreland* v. *Durocher*, 121 Mich. 398 (80 N. W. 284). It is insisted that the last two cases control this one.

The case of *Albright* v. *McTighe*, 49 Fed. 817, arose upon a motion for a new trial. There were three defendants. While the court thought that it had the right to grant a motion for a new trial as to one defendant, and to enforce the verdict of the jury against the other two, it declined to do so, and granted a new trial as to all three defendants, using the following language:

"The question of the joint and several liability of these defendants as tort feasors was not much discussed before the jury, if at all. Proof was admitted showing the solvency of the firm of McTighe & Co., and its ability to answer any probable verdict that might be found against the firm. It by no means follows that this or another jury would compute the same damages against two of the defendants as against all three of them; and while

perhaps, in strict law, this would not be a sufficient tech
nical ground for a new trial in an action of tort, like this,
where the defendants are jointly and severally liable to
the plaintiff for such damages as he may recover, yet,
exercising that discretion which all courts possess in the
matter of new trials, and to enable the defendants to more
fully present this view of the case to the consideration
of another jury, I am constrained to direct a new trial
of this case, solely because I feel that it may be unjust
to McTighe and McKee, whatever wrong they may have
committed against the plaintiff, however enormous the
outrage upon him may have been, and however justly
they may deserve this verdict, to assume that the jury,
with all the facts before them as to Sullivan, and excusing
or mitigating the wrong as to him, would have given the
same verdict as to them.    There were three partners sued,
and all were supposed to be equally guilty and equally
liable.    From the beginning to the end, no distinctions
were made between them, and the verdict was given on this
basis.    However technically we may have the power (and
I do not doubt it) to enforce against two a verdict which
was given against three, it seems to me it would be yield
ing too much to a sense of justice to an outraged plaintiff
and in some sense would be assuming the power and
authority of the jury in affixing the damages, for the court
to discharge one of three, and hold only the two, when the
jury had not had their attention called to the matter in
any way.    To invoke the rule of the separate liability of
each and every one of several joint tort feasors for the
very first time in the trial of a case upon the motion for
a new trial, and to enforce it by a ruling that one may be
discharged after verdict against all, and the others held,
may be lawful enough under some circumstances; but a
court, acting impartially towards all parties, must feel a
sense of its injustice when it appears that neither in the
declaration, the pleas, the arguments of counsel, nor the
charge of the court, were the jury invited to give their
consideration to that subject, and that they rendered a
verdict supposing, as they might do, that all were to share
its burdens, if all were able to do it.    It is too much like
a verdict by the court, rather than one by the jury, to take
advantage of these technicalities by refusing two of the
defendants a new trial which is given to the other."

The case of *Moreland* v. *Durocher*, *supra*, was also
one where the question arose upon a motion for a new

trial, where there were two sets of defendants, all of whom moved for a new trial. The court granted a new trial as to some of the defendants, and refused it as to others. This court held that, as the action was severable as well as joint, the circuit judge had the right to grant the motion for a new trial as to some of the defendants, and refuse it as to others, and his action was affirmed.

This case is quite unlike either of those, or unlike any of the cases cited by counsel. The plaintiff recovered a joint judgment, which might have been rendered upon the joint counts in the declaration, against the two defendants. One of the defendants appealed the case to this court. No suggestion was made in this court by the plaintiff that the judgment was good as to Mr. Murdock in any event, and must stand as to him, even though the case was reversed as to Mrs. Murdock. It was claimed that there was no error in the trial of the case, and that the judgment should be affirmed. The case was reversed, not only because testimony was allowed which was incompetent as to Mrs. Murdock, but also because testimony was introduced which was incompetent as to both defendants. A new trial was ordered, and the case was remanded to the court below. After a delay of nearly a year, this motion was made. Was not the effect of the judgment in this court to make a trial in the court below necessary before any judgment could be enforced in favor of plaintiff? Could not either party to the record notice the case for trial? We think both of these questions should be answered affirmatively. But, if it be conceded that the trial judge had the right to entertain the motion made by the relator, how does the case then present itself? The trial judge had listened to two jury trials. He is familiar with what the record discloses, and with the claims of the respective parties. It is evident, from his return, that he thinks that a very different verdict might be rendered against Mr. Murdock alone from what was rendered against the two defendants jointly. Under such circumstances, we should

not be inclined to review his action in overruling the motion.

The order of the circuit judge is affirmed.

LONG and GRANT, JJ., concurred with MOORE, J. MONTGOMERY, C. J., and HOOKER, J., concurred in the result.