A. B. POTTER v. JOHN C. BARTON.[1]

May 23, 1902.

Nos. 13,013—(109).

### Contract of Service—Dismissal of Servant.

Where a contract for work and labor has been substantially performed as to time, and in its most material parts, an employer has no right to dismiss a servant and to refuse to carry out a contract previously made for a term not yet expired.

### Same.

Employers assuming to be final arbiters in their own behalf of the propriety of dismissing their employees during their terms of employment take the responsibility which attaches to a dismissal without cause.

### Verdict Sustained by Evidence.

*Held,* that the verdict in this cause was supported by the evidence.

Action in the municipal court of Minneapolis to recover $50 due upon a contract of employment. The case was tried before Dickin-

[1] Reported in 90 N. W. 529.

son, J., and a jury, which rendered a verdict in favor of plaintiff for $25. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Elijah Barton,* for appellant.

*George D. Emery,* for respondent.

COLLINS, J.

At the trial below there was an abundance of testimony to sustain the jury in finding, as they did, that, while permitted to work, plaintiff substantially complied with the terms of his contract, and that he was a competent workman. These questions, framed by the pleadings, were for the jury, and the court properly submitted them in its charge. Evidently counsel for defendant so thought at the time, for there was no suggestion that the charge was not complete and correct in all respects. Where a contract for work and labor has been substantially performed as to time, and in its most material parts, an employer has no right to dismiss an employee and to refuse to carry out a contract previously made for a term not yet expired. Shaver v. Ingham, 58 Mich. 649, 26 N. W. 162; Park Bros. & Co. v. Bushnell, 9 C. C. A. 138, 60 Fed. 583.

The doctrine of the sufficiency of a substantial performance of an ordinary contract has repeatedly been recognized in this court, although no cause has been presented in which the rights of employee and employer have been at issue. Substantial compliance with the terms of a contract is all that is required, and ordinarily this question is for the jury. It follows that employers assuming to be final arbiters in their own behalf of the propriety of dismissing their employees during their terms of employment take the responsibility which attaches to a dismissal without cause. Stansell v. Leavitt, 51 Mich. 536, 16 N. W. 892.

The dismissal in issue here was found by the jury, under proper instructions from the court, to be capricious and without justification. As before stated, there was evidence upon which to base the verdict, and we cannot disturb it, even if the preponderance of proof was the other way, as counsel insists.

Order affirmed.