SORENSON VS. DUNDAS.

EVIDENCE.    *When declarations a part of the* res gestæ.

Declarations are verbal parts of the *res gestæ* only when they are contemporaneous; and subsequent statements of what occurred at a meeting of the parties, material to the issue, made by one of them, cannot be put in evidence by him in chief.

APPEAL from the Circuit Court for *Dane* County.

Action for false imprisonment. Defendant appealed from a judgment in the plaintiff's favor.

The error for which the judgment is reversed, will sufficiently appear from the opinion.

For the appellant, a brief was filed by *Jones & Parkinson* and *Wm. F. Vilas,* and the cause was argued orally by *Mr. Vilas* and *Mr. Jones.* To the point that the plaintiff's declarations, made after the acts constituting the alleged false imprisonment, and after the parties had separated, constituted no part of the *res gestæ,* and were improperly admitted in evidence, they cited 1 Wharton on Ev., § 259; 1 Taylor on Ev., § 26; Starkie on Ev., 89; 1 Greenl. Ev., § 110; *Rockwell v. Taylor,* 41 Conn., 55; *Osborn v. Robbins,* 37 Barb., 482; *Moore v. Meacham,* 10 N. Y., 207; *Downs v. Railroad Co.,* 47 id., 83; *People v. Davis,* 56 id., 96; *Hall v. State,* 48 Ga., 607; *Weldon v. State,* 32 Ind., 81; *Lund v. Tyngsborough,* 9 Cush., 37; *Haynes v. Rutter,* 24 Pick., 242; *Scaggs v. State,* 8 Sm. & M., 722; *Brown v. Lusk,* 4 Yerg., 210.

For the respondent, a brief was filed by *Welch & Botkin,* and the cause was argued orally by *Mr. Botkin.* They contended that declarations or acts succeeding closely upon the main transaction, growing directly out of it, and serving to illustrate its character, are admissible in evidence as part of the *res gestæ. Allen v. Duncan,* 11 Pick., 309–10; *Mitchum v. The State,* 11 Ga., 615; *Handy v. Johnson,* 5 Md., 450; 1 Phillipps on Ev., 185–201, and notes.

RYAN, C. J.   A meeting, material to the issue, took place between the parties.   The court below permitted the respondent to testify in chief, in his own behalf, to an account of the meeting which he gave to strangers, after it had ended and the parties had finally separated.   This was not part of the transaction, but a subsequent narrative of it.   Declarations are verbal parts of the *res gestæ*, only when they are contemporaneous.   The respondent's narrative, after the occurrence, belonged no more to the *res gestæ*, than his evidence on the trial.   It is too clearly inadmissible for discussion.   1 Greenl. Ev., § 110.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.