## FELT vs. AMIDON and others.

EVIDENCE. *Declarations as parts of the* res gestæ.

1. Declarations are admissible in evidence as parts of the *res gestæ* when, and only when, they are *contemporaneous* with the transaction which is the subject of the action, and which they serve to characterize.
2. In an action for enticing plaintiff's unmarried minor daughter from his house, carrying her to Milwaukee, and there placing and leaving her in a brothel, it was error to exclude declarations of the daughter at a hotel in Milwaukee *before* she was taken by defendants to the house where they left her, and to admit in evidence her declarations at the latter place *after* they had left her there; the act of enticing charged having terminated when she was thus left.

APPEAL from the County Court of *Dodge* County.

This action was brought to recover damages for the alleged enticing by the defendants of the unmarried minor daughter and servant of the plaintiff from his residence in Rubicon, Dodge county.

The complaint alleges that the defendants, pursuant to a

common design and agreement between them, had illicit carnal intercourse with the plaintiff's said daughter, and, by means of the influence which they thus acquired over her, enticed her from her home without the privity or knowledge of the plaintiff, and carried her to Milwaukee, where they placed her in a common brothel, and left her there friendless and destitute; and that she remained an inmate of such brothel until two days before the action was commenced (the plaintiff not knowing where she was), when she was discovered by her friends and removed to a place of safety. Damages are claimed for the enticing and carrying away alone.

The defendants answered jointly, 1. A general denial; 2. An admission that the female alleged to have been enticed is a minor and the daughter of the plaintiff; and 3. That at the time of the alleged seduction, and long prior thereto, said daughter "was unchaste, of lewd character and of bad reputation for virtue, all which the plaintiff well knew, consented to, and connived at."

It appeared on the trial that, at the time stated in the complaint, the plaintiff's daughter took the cars at Rubicon and proceeded to Hartford, where she was joined by two of the defendants, and they all proceeded together on the same train to Milwaukee. They arrived there soon after noon, and went to a hotel. The daughter remained at the hotel until evening, when the two defendants who accompanied her to Milwaukee conducted her to a house of ill fame, and left her there. The testimony on many subjects is very conflicting, and it is unnecessary to make an extended statement of it here. Further reference to some portions of it will be found in the opinion.

The jury returned a special verdict in the form of answers to questions submitted to them by the court. These questions, and the answers thereto, are as follows:

"1. Did the plaintiff request the defendant *Dodge* to procure a place for his daughter in a house of prostitution in Milwaukee? *No.* 2. Did plaintiff know of or consent to his

daughter going to Milwaukee with defendants or either of them? *No.* 3. Was the character of the daughter unchaste before she went to Milwaukee? *No.* 4. Did Rosa Felt, the daughter of the plaintiff, leave the plaintiff's house and service by the inducement and procurement of the defendants or either of them, without the plaintiff's consent? *Yes.* 5. Which of the defendants induced her to leave the plaintiff's house and service? *Dodge, Amidon* and *Stacy.* 6. What are plaintiff's damages resulting therefrom? Three thousand dollars."

A motion by the defendants to set aside the verdict and to arrest judgment thereon, was denied, and judgment for the plaintiff was rendered upon the verdict for $3,000 damages. Defendants appealed from the judgment.

Briefs were filed, by *H. W. Lander* and *J. B. Hays* for the appellants, and by *E. P. Smith* and *H. W. Sawyer* for the respondent; and the cause was argued orally by *Mr. Hays* for the appellants, and by *Mr. Smith* and *Mr. Sawyer* for the respondent.

LYON, J. On the trial of the action, the learned county judge admitted testimony on behalf of the plaintiff to the effect that the plaintiff's daughter expressed a desire, on different days and at different times after the two defendants left her in Milwaukee, to return to her home, and that at such times she wept. Testimony as to what she said and did in the presence of the two defendants at the house to which they took her, was also admitted on behalf of the plaintiff; but testimony of her statements at the hotel, made to a witness during the afternoon of the same day, was offered by the defendants and rejected.

The transaction upon which this action is founded is the alleged enticing of the plaintiff's daughter from her home by the defendants. That is the *res gestæ*, and all that was said or done by the actors in that transaction contemporary with

it, and which tends to illustrate its character, are parts thereof, and as such may be proved on the trial by either party. The law on this subject is so well stated in *Lund v. Tyngsborough*, 9·Cush., 36, that we cannot do better than to quote from the opinion in that case. " When the act of a party may be given in evidence, his declarations made at the time and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence. The credit which the act or fact gives to the accompanying declarations, as a part of the transaction, and the tendency of the contemporary declarations, as a part of the transaction, to explain the particular fact, distinguish this class of declarations from mere hearsay. Such a declaration derives credit and importance as forming a part of the transaction itself, and is included in the surrounding circumstances, which may always be given in evidence to the jury with the principal fact. There must be a main or principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it." *Per* FLETCHER, J, p. 42.

So also in *Hadley v. Carter*, 8 N. H., 40, it is said that " where declarations of an individual are so connected with his acts as to derive a degree of credit from such connection, independently of the declaration, the declaration becomes part of the transaction, and is admissible in evidence." And in our own case of *Sorenson v. Dundas*, 42 Wis., 642, it is said that " declarations are verbal parts of the *res gestæ*, only when they are contemporaneous."

In the present case, the act of enticing — the *res gestæ* — undoubtedly terminated when the two defendants left the plaintiff's daughter at the house in Milwaukee to which they conducted her; and evidence of her declarations and the accompanying manifestations of grief made during subsequent

days, is mere hearsay, and inadmissible within the rules above stated. The manifest purpose and tendency of such evidence were to convince the jury that the girl did not leave her home of her own free will, but that she was enticed therefrom by the defendants. We do not and cannot know but the evidence thus improperly admitted turned the verdict against the defendants. Because it may have had that effect, the error in admitting it is a material one, and fatal to the judgment.

By the same rules, evidence of the declarations of the girl relative to her leaving her home, and to the circumstances under which she came to Milwaukee, made during the afternoon at the hotel, was competent and should have been received.

Numerous other exceptions are preserved in the record, upon which errors are assigned; but we do not find it our duty to pass upon them.

*By the Court.* — The judgment of the county court is reversed, and the cause remanded for a new trial.