GRISIM, Respondent, vs. MILWAUKEE CITY RAILWAY COMPANY, Appellant.

*December 7, 1892 — January 10, 1893.*

*Street railways: Negligence: Injuries to person: Evidence of malice.*

In an action against a street railway company to recover compensatory damages for injuries caused by the sudden starting of a car when plaintiff was about to alight, evidence as to what occurred when plaintiff got on the car, tending to prove malice on the part of the driver, was not admissible.

APPEAL from the Superior Court of *Milwaukee* County. National avenue runs east and west in the city of Milwaukee. It is crossed at right angles by avenues commencing at No. 1 in the east, and numbered consecutively westward. The defendant's street railway runs east and west on said National avenue. On May 25, 1888, the plaintiff took one of the defendant's cars going west on said National avenue, at Third avenue. She wished to stop at

Mrs. Kirth's grocery store, No. 978 National avenue, between Sixteenth and Seventeenth avenues. As she approached Seventeenth avenue, she rang the bell once or twice, as she alleges; and when alighting, or about to alight, the driver carelessly and negligently started up the team suddenly, with a jerk, and threw her off her feet against the outside rail of the car on the platform, and from there she tumbled off the car onto the pavement, and was injured, for which she claims damages in this action. The answer alleges contributory negligence on the part of the plaintiff.

At the close of the trial, under the charge of the court, the jury returned a special verdict to the effect that the plaintiff rang the bell to stop the car before it had reached the point on National avenue opposite to Mrs. Kirth's store, and then rang the bell a second time to stop the car; that after ringing the bell the first time the plaintiff arose and stood at or near the door of the car, waiting for the same to stop, to permit her to alight; that the driver of the car saw and knew that the plaintiff, after she had rung the bell, was standing at or near the door for the purpose of alighting as soon as he stopped the car; that the driver, knowing that the plaintiff was so standing and for such purpose, started his horses suddenly and caused the car to be jerked, and thereby caused the plaintiff to be thrown down and injured; that the injury was occasioned by the negligence of the defendant or its servants or employees directly contributing thereto; that the plaintiff did not alight from the car voluntarily while the same was in motion; that at the time of the accident the car was going four miles an hour; that the driver expected the plaintiff would wait until the car reached the further crossing of Seventeenth avenue before she would attempt to alight; that the plaintiff, in what she did, was not guilty of any want of ordinary care that materially or directly contrib-

uted to the injury; that the driver was guilty of negligence in driving the car; that at the time the plaintiff rang the bell the car was not so near the first crossing of Seventeenth avenue that it was impracticable for the driver to have stopped the car before it reached such first crossing; that in their opinion the plaintiff was entitled to judgment, and they assessed her damages at $5,333.33. From the judgment entered thereon the defendant appeals.

For the appellant there were briefs by *Miller, Noyes & Miller*, and oral argument by *George H. Noyes*.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

CASSODAY, J.   Exception is taken to the sufficiency of the special verdict, but as we have concluded to reverse the judgment on other grounds, and different questions may be submitted upon a new trial, it is unnecessary to consider here such alleged insufficiency.   The plaintiff was the first witness sworn and examined on the trial.   After she had given a summary of the occurrence, she was asked by her counsel, on her direct examination, this question: "Well, go back to where you got on the car.   Will you please re-. late now what occurred from the time you stopped the car, or signaled the car to get on, and what occurred,— how this accident happened?"   To that question the defendant's counsel objected to what occurred when she got onto the car, as immaterial and irrelevant, and submitted that it cut no figure in the case.   The plaintiff's counsel thereupon stated: "I submit it does, because I intend to show just what I stated in my opening."   The objection was thereupon overruled by the court, and the defendant excepted. We are constrained to hold that such ruling was erroneous. The manifest purpose of the question was to prove malice on the part of the defendant's driver or employee.   The answer of the witness did tend to prove such malice, and

such proof naturally tended to enhance the damages found. It will be observed that the plaintiff was only seeking to recover compensatory damages. The court, in effect, charged the jury that the plaintiff's recovery must be limited to such damages. The motive of the defendant's driver or employee, therefore, was not in issue, but entirely immaterial. Even in an action to recover exemplary damages from a corporation by reason of injury caused by the malicious conduct of its employees, it is necessary, in addition to such malice, to prove that the same was ratified by the corporation. The only possible theory for admitting such evidence in a case like this is where the evidence showing malice constitutes a part of the *res gestæ*. Declarations are only admissible as a part of the *res gestæ* when they are contemporaneous with the transaction which is the subject of the action, and which they serve to characterize. *Sorenson v. Dundas*, 42 Wis. 642; *Felt v. Amidon*, 43 Wis. 467; *Prideaux v. Mineral Point*, 43 Wis. 513; *Nash v. Hoxie*, 59 Wis. 384; *Goff v. Stoughton State Bank*, 78 Wis. 111. The transaction in the case at bar, which constitutes the subject of the action, is the alleged negligence of the defendant's driver or employee which caused the injury. That transaction did not commence until after the ringing of the first bell, and that was after the car had reached Sixteenth avenue. It certainly did not commence at Third avenue, before the plaintiff got upon the car. True, the contract of carriage was made when the plaintiff got upon the car at Third avenue. But a conversation at the time of making a contract cannot be regarded as a part of the transaction constituting the subsequent breach of it. Besides, this is not an action on contract, but in tort.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.