# CASES DETERMINED.

## August Term, 1895.

HUGANIR, Respondent, vs. COTTER, Appellant.

*December 3 — December 17, 1895.*

(1) *False representations: Evidence: Relevancy.* (2) *Appeal: Excessive printing: Costs.*

1. The question being whether defendant had induced plaintiff to enter into a logging contract by false representations as to the quantity of timber on certain lands, evidence that defendant had made statements, similar to those alleged, to third persons before and after the making of the contract, was inadmissible.

2. A printed case of 178 pages is *held* to contain more than is necessary under Rule VIII, and in the taxation of costs allowance is made for sixty pages only.

APPEAL from a judgment of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

On January 4, 1892, the plaintiff and defendant entered into a written contract, wherein and whereby the plaintiff agreed to cut and bank all the pine timber standing, lying, and being on the seven forties therein described, and bank the same on Storm Lake, at or near a place therein named, and banked so as to admit of booming for driving purposes. The defendant agreed to pay for the same $3 per thousand feet, at the time and in the manner therein prescribed. The work was to be done during the logging season of 1892, if not delayed as therein indicated.

On November 30, 1892, the plaintiff commenced this action, and in his amended complaint alleges, in effect, that the defendant falsely represented that the quantity of timber on said lands was 1,500,000 feet; that the plaintiff entered into the contract relying upon such representations; that the plaintiff cut and banked off of six forties of said land 415,081 feet; that the defendant had no title to the other forty, and the plaintiff refrained from cutting thereon by direction of the defendant; that there were 175,000 feet on that forty; that if the timber had been as represented by the defendant the plaintiff would have made $1 per thousand feet profit on the contract; that by reason of the defendant's false representations the plaintiff was damaged $1,926. The defendant answered by way of admissions, denials, and counter allegations, and also set up a counterclaim of $628.77. The plaintiff, by reply, took issue with the several allegations of the counterclaim.

At the close of the trial the jury returned a special verdict to the effect that the defendant, before the execution and delivery of the written contract, did make statements to the plaintiff that there were 1,500,000 feet of timber on the lands described therein, and that it would run nine logs to the thousand feet; that such statements were positive representations as to the quantity and size of such timber, and were made by the defendant for the purpose of inducing plaintiff to enter into said contract, and with the intent to deceive the plaintiff; that the defendant did know, or ought reasonably to have known, that such statements were untrue; that, had there been 1,500,000 feet of timber thereon, running not more than nine logs to the thousand feet, it would have cost the plaintiff $2 per thousand.

The court thereupon ordered judgment in favor of the plaintiff for $1,500, together with two items, admitted and found by the jury, amounting to $51, less the amount of the defendant's counterclaim of $628.77. From the judgment entered accordingly the defendant appeals.

For the appellant there was a brief by *Hetzel & Smart*, and oral argument by *E. M. Smart*. To the point that evidence of defendant's statements to third parties as to the amount of timber was inadmissible, they cited *U. S. L. Ins. Co. v. Wright*, 33 Ohio St. 533; *McKay v. Russell*, 28 Am. St. Rep. 44; *Gate City L. Co. v. Heilman*, 80 Iowa, 477; *Everling v. Holcomb*, 74 id. 722; *Baker v. Ashe*, 80 Tex. 356; *McEacheran v. Western T. & C. Co.* 97 Mich. 479; *Kelley v. Schupp*, 60 Wis. 76; *Kaufer v. Walsh*, 88 id. 63.

For the respondent there was a brief by *Flett & Porter*, and oral argument by *W. H. Flett.*

CASSODAY, C. J. The principal issue tried was whether the defendant induced the plaintiff to make the written contract by falsely representing that there were 1,500,000 feet of timber on the seven forties, and that it would run on an average nine logs to the thousand; or whether his representations were to the effect that he had never been on the land, and had no personal knowledge of the quantity or size of the timber thereon, but from his information from others he thought there were from 1,000,000 to 1,500,000 feet thereon. The testimony of the plaintiff and defendant on such issue was in direct conflict. To support such issue the plaintiff called and examined one Waush, who testified to having had a conversation with the defendant about two weeks after the contract was made, and was then asked: "During that conversation, did he [the defendant] make any representations to you with reference to the amount of timber on the lands in question in this action?" To that question the defendant objected on the ground that it was incompetent and immaterial. The plaintiff's counsel then stated: "We offer this for the purpose of showing that the plaintiff was not mistaken when he testified as to what he had represented to him prior thereto, and for the further purpose of identifying the agency that committed the fraud." The court then

overruled the objection, and the defendant excepted. The witness answered: "In the neighborhood of fourteen hundred thousand,— a little over,— maybe more." So, the plaintiff's witness Pose was allowed to testify, against objection and exception, that he had a conversation with the defendant some four months prior to the making of the contract in question, and that in that conversation the defendant told him and one Hammond "that there was about fifteen hundred thousand there."

Of course, there is a class of cases in which evidence has been received of facts which happened before or after the principal transaction and which had no direct or apparent connection with it, but they are cases in which the knowledge or intent of the party was a material fact, on which the evidence, apparently collateral and foreign to the main subject, had a direct bearing and was therefore admissible. 1 Greenl. Ev. § 53. But the evidence thus sought to be elicited, and in fact elicited, does not come within such exception to the general rule. As indicated by the statement of counsel quoted, it was not offered as tending to prove such knowledge or intent, nor as tending to prove an admission of any fact sought to be established by the plaintiff. On the contrary, it comes squarely within the general and elementary rule, as stated by Greenleaf, which "excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is, that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it." 1 Greenl. Ev. § 52; *Blakeslee v. Rossman,* 44 Wis. 554; *Felt v. Amidon,* 43 Wis. 467; *Grisim v. Milwaukee City R. Co.* 84 Wis. 22. See, also, numerous cases cited by counsel for the appellant. Some of the evidence admitted, to which

exception is taken, appears to have been made when both parties were present, and of such a nature, perhaps, as to be admissible as tending to prove an admission. We merely mention it, so as not to be misunderstood.

We perceive no substantial error in the charge.

The only errors assigned are as to the admission of testimony and in charging the jury, and yet the printed case consists of 178 pages, besides the index. That did not confine the printed case to a complete abstract or abridgment of so much of the record as was necessary to a full understanding of the questions presented for decision, as required by Rule VIII. To comply with that rule it was unnecessary for the printed case to contain more than sixty pages, and in taxing costs in this court the defendant will only be allowed therefor that number of pages.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.