SEYMOUR ANDERSON *vs.* CYRUS TAFT, Town Treasurer.

PROVIDENCE—JANUARY 13, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In actions against municipal corporations for damages caused by defective high-
ways, the weight of authority as well as the better reasons are against the
right of the defendant to submit testimony that the highway had been used
for many years in the same condition in which it was at the time of the acci-
dent.

The court will not disturb the verdict of a jury where the testimony is conflicting,
and is such that different minds might honestly reach different conclusions
upon it.

TRESPASS ON THE CASE for negligence. Heard on the
defendant's petition for a new trial.

MATTESON, C. J. This is an action of trespass on the case
for negligence of the town of Cumberland in failing to keep
one of its highways safe for travelers. At the trial in the
Common Pleas Division the defendant offered testimony that
the highway had been used in the same condition it was in
on the night of the accident for upwards of twenty years
without accident. The court refused the offer, and there-
upon the defendant excepted and now urges the refusal as a
ground of his petition for a new trial.

There are cases which, expressly or impliedly, sanction the
defendant's contention that the testimony is competent evi-
dence on the question of negligence. *Quinlan* v. *City of
Utica*, 18 N. Y. Supr. Ct. (11 Hun.) 217 ; 74 N. Y. 503 ;
*Hubbell* v. *The City of Yonkers*, 104 N. Y. 434. But the
weight of authority and, as it seems to us, the better reasons,
support the opposite view. *Collins* v. *Inhabitants of Dor-
chester*, 6 Cush. 396 ; *Aldrich* v. *The Inhabitants of Pelham*,
1 Gray, 510 ; *Kidder* v. *Inhabitants of Dunstable*, 11 Gray,
342 ; *Blair* v. *Inhabitants of Pelham*, 118 Mass. 420 ; *Bailey*
v. *Town of Trumbull*, 31 Conn. 581. *Bassett* v. *Shares*, 63
Conn. 39 ; *Temperance Hall Association of Trenton* v. *Giles*,
33 N. J. L. 260 ; Elliot Roads & Streets, 646. If the defend-

ant had been permitted to put in the testimony, the plaintiff would have been entitled to rebut it by testimony that accidents had happened within the twenty years. The defendant might then have shown that the accidents were caused, not by the defective condition of the highway, but because of the want of due care on the part of the traveler. Apart from the consideration that other accidents would be *res inter alios acta* as to the plaintiff, it is apparent that such testimony, could the parties be prepared to meet it, might introduce into the case numerous collateral issues bearing only remotely on the main issue, which would tend to greatly protract the trial, distract the attention of the jury from the issues involved in the suit, and impose great and unnecessary expense on the parties. The opinion in *Temperance Hall Association of Trenton* v. *Giles*, 33 N. J. L. (264), states the difficulties liable to be encountered from the admission of such testimony, as follows : " The evidence excluded furnishes a forcible illustration of the necessity of the rule to the trial of causes before juries. The offer was to show that ten thousand persons passed these premises in each year since the hall was erected, without accident. The admission of this evidence would carry with it the right to cross-examine as to the circumstances under which each individual of the multitude passed, and the degree of caution and circumspection used by each ; and also the right to introduce evidence of the dangers encountered and, by the exercise of superior vigilance, avoided by each one of these individuals, together with evidence that some one or more of them had met with accidents at the place ; in turn opening the way for evidence as to the degree of care exercised by such as had not been so fortunate as to escape ; and when the parties, wearied in their endeavors to exhaust this vast field of investigation, rested the cause, the judge would have been compelled to direct the jury to determine whether or not the area was a nuisance, from the character of the footway, the situation of the area with reference to it, and the means taken to guard against accident from its proximity to the sidewalk."

The other ground of the petition for new trial is that the

verdict is against the evidence. · The testimony was conflicting, and such that different minds might honestly reach different conclusions upon it.    There is nothing to show that the verdict was not the fair exercise of the judgment of the jury, and in such cases we are not at liberty to disturb their finding.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Simon S. Lapham and Franklin P. Owen*, for plaintiff.
*Charles E. Gorman*, for defendant.