GARSKE, Respondent, vs. TOWN OF RIDGEVILLE, Appellant.

*November 19, 1904—January 10, 1905.*

*Highways: Defective condition: Personal injuries: Negligence: Notice of injury: Evidence: Witnesses: Memoranda: Competency: Appeal and error: Declarations by a public officer as admissions: Instructions to jury.*

1. In an action for personal injuries received on a defective highway, the notice of injury required by sec. 1339, Stats. 1898, as testified to by the draftsman, in connection with evidence of the knowledge of the highway officers as to the *locus in quo*, stated in the opinion, is *held* to be sufficient under the provisions of that part of said section declaring that no notice of injury shall be deemed insufficient or invalid solely because of inaccuracies, if it shall appear that there was no intention on the part of the person giving the notice to mislead the other party, and that such party was not in fact misled thereby.
2. Where the witness who drew a notice had made a memorandum in respect to it, the mere fact that he did not have the

memorandum present in court when giving his testimony, does not 'prevent him from testifying to such facts as he remembers.

3. The mere fact that such witness had given a somewhat different version of the contents of such notice in a deposition, taken several months before the trial, does not prevent him from giving oral testimony as to its contents on the trial.

4. In an action for personal injuries received on a highway, it is not error to exclude testimony tending to prove that other persons drove their teams over the place in question about the same time without having any trouble.

5. Declarations of a public officer cannot be given in evidence as admissions to bind the municipality of which he is the agent, unless they are part of the *res gestæ.*

6. Where the evidence as to service of the notice of injury required by sec. 1339, Stats. 1898, was testimony tending to show declarations by the town chairman, made more than a month after the injury, that he had received such notice, they are not part of the *res gestæ,* and incompetent to prove such service.

7. An instruction to the jury: "In determining where the preponderance or weight of the evidence lies, *that is not to be determined* by the number of witnesses on either side, or by the number of witnesses on any particular material point," while erroneous, is *held* not to be misleading because followed by the further and correct instruction: "But that evidence is said to preponderate or outweigh on any given question which is the most satisfying or the most convincing to your minds after you have thoroughly and carefully considered it. It is for you to determine the credit and weight to be given to each witness in the case."

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries sustained by the plaintiff by reason of an alleged defective highway June 2, 1902. The complaint is in the usual form in such cases. The answer consists of admissions, denials and counter allegations of contributory negligence. At the close of the trial the jury returned a verdict in favor of plaintiff, and assessed his damages at $400. From the judgment entered thereon in favor of the plaintiff, the defendant brings this appeal.

For the appellant there was a brief by *Masters & Graves,* and oral argument by *R. B. Graves.*

For the respondent there was a brief by *Doherly & Baldwin,* and oral argument by *C. L. Baldwin.*

CASSODAY, C. J.    1. One of the sharply controverted questions was whether the notice in writing prescribed by sec. 1339, Stats. 1898, was made ánd served as therein required within thirty days after the injury.    It appears that on application of the plaintiff, and on or about June 20, 1902, the witness Newhouse, a justice of the peace, wrote a notice which, as he thought, fulfilled the requirements of that section of the statute, and the same. was signed by the plaintiff, but he kept no copy of it, and which notice, it is claimed, was served as required by the statute.    Against objection, the witness was allowed to testify to the contents of the notice as follows:

"I wrote that notice, I think, to the supervisors of the town of *Ridgeville,* just the same as sec. 1339 says.    I fulfilled all the requirements, I think.    My best recollection is that I had it before me.    I know what the notice was. I stated in the notice: 'To the Town Board of Supervisors,' I think, 'of the Town of *Ridgeville,* Monroe County, Wisconsin—Gentlemen: Please take notice' (somewhere near that) 'that I, *August Garske,* did, on the 2d day of June, 1902' (I believe I put 'A. D.' to it) 'sustain a severe injury by reason of the insufficiency of the bridge, or of the bridge being out,' and what he went through (I forget what I called that now)—'being dangerous, or by neglecting to have it in a safe, passable way'—and I stated the time and place exactly.    I stated it was on that little crossroad from Bill Myers, near Bill Myers, south of Bill Myers, in the public highway there running south, the bridge being out, and a fence on both sides, and could not get out any other way, and had to pass through the creek; and he was thrown off his buggy or wagon, or whatever it was—buggy, I think—and received severe internal injuries, for which he claimed damages.    The notice was given to *Garske.* I don't know whether

he sent it or not.   He signed it, and I put an affidavit to it.
I saw him sign it.   It was in my handwriting, except the sig-
nature of *Garske.*"

The court charged the jury, as a matter of law, that the
form of the notice was sufficient to answer the requirements
of the statute.   The same section of the statute declares:

"No notice given hereunder shall be deemed insufficient
or invalid solely because of any inaccuracy or failure there-
in in stating the time, describing the place or the insuffi-
ciency or want of repair which caused the damage for which
satisfaction is claimed, provided it shall appear that there
was no intention on the part of the person giving such notice
to mislead the other party and that such party was not in
fact misled thereby."   Sec. 1339, Stats. 1898.

Under this statute it has been held that where it appears
from the surrounding circumstances that the notice was
given in good faith, and without any intent to mislead, and
did not in fact mislead, it was sufficient, although indefinite
and uncertain in some particulars.   *Hoffman v. North Mil-
waukee,* 118 Wis. 278, 281, 282, 95 N. W. 274.   Before at-
tempting to prove the contents of the notice, it appeared in
evidence that the bridge over the creek had been washed out
about two weeks prior to the accident; that, after the bridge
went out, teams crossed the creek on a side track, in which
it is claimed there was a deep hole, into which one of the
wheels of the plaintiff's carriage went at the time of the ac-
cident.   ·There seems to have been only that one way to drive
down through the creek, and that was fenced on both sides.
The pathmaster of the town testified to the effect that he was
at the *locus in quo* soon after the bridge was washed out; that
two days after the washout the town board were there, and
looked it over; that they did not then cut out a place to go
down to the creek on the south bank, but he did before the
day of the accident; that he cut it out a little to make it wide
enough; that there was a driveway right through there before
the washout.   Under the circumstances, we cannot say that

there was any error in holding, as a matter of law, that such notice was sufficient in form. The mere fact that the witness who drew the notice had made a memorandum in respect to it, which he did not have with him at the time of giving his testimony in court, did not prevent him from testifying to such facts as he remembered. Nor did the mere fact that the witness had given a somewhat different version of the contents of the notice in a deposition taken some months before the trial prevent him from giving such oral testimony. *Hughes v. C., St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897, 901, 902.

2. We perceive no error in excluding testimony tending to prove that other persons drove their teams over the place in question about the same time without having any trouble. Such testimony has frequently been held to be error by this court. *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115; *Phillips v. Willow,* 70 Wis. 6, 34 N. W. 731; *Barrett v. Hammond,* 87 Wis. 654, 657, 658, 58 N. W. 1053; *Kreider v. Wis. River P. & P. Co.* 110 Wis. 645, 649, 650, 86 N. W. 662. The court did give the defendant ample latitude to show the condition of the highway at the time and place in question.

3. Error is assigned because the court refused to direct a verdict in favor of the defendant. The principal ground upon which this contention is based is the failure of the plaintiff to prove by competent evidence that the notice written by Newhouse, mentioned, was ever served upon "a supervisor of the town," as required by the statute (sec. 1339). The plaintiff testified to the effect that he signed the notice written by Newhouse, and gave it to his neighbor to mail; that prior to that he had sent two letters to the chairman of the town, Albert Grill, which Grill on June 19, 1902, admitted to him he had received; and Newhouse testified to the effect that after he gave the notice to the plaintiff, and on July 4, 1902, more than a month after the accident, the

chairman of the town, Albert Grill, admitted to him that he had received the notice June 20, 1902. Grill testified to the effect that he did receive two letters from the plaintiff, but no other letter referring to the injury; that he was acquainted with the handwriting of Newhouse; that neither of the letters he received was in his handwriting; and that he never received any such notice as that testified to by Newhouse. There is no evidence that the notice sent by the neighbor was ever deposited in the post office. The question recurs whether it was competent to prove service of such notice by an admission of Grill long after the accident. It is well established:

"The declarations of a public officer cannot be given in evidence as admissions to bind a municipal corporation of which he is the agent unless they are part of the *res gestæ.*" *Cortland Co. v. Herkimer Co.* 44 N. Y. 22; *Clapper v. Town of Waterford,* 131 N. Y. 390, 30 N. E. 240.

So it is held:

"The declarations of a surveyor of highways in relation to work done on the highways of the town under a contract made by him within the scope of his authority, uttered some months after the completion of the work, though before the expiration of his official year, are not admissible in evidence against the town." *Burgess v. Inhabitants of Wareham,* 7 Gray, 345.

"Declarations by officers of a corporation rest upon the same principles as apply to other agents." *Pennsylvania R. Co. v. Butler,* 57 Pa. St. 339; *Franklin Bank v. Cooper,* 36 Me. 179; *Peek v. Detroit Novelty Works,* 29 Mich. 313; *Hall v. Murdock,* 119 Mich. 389, 78 N. W. 329; *Beunk v. Valley City Desk Co.* 128 Mich. 562, 568, 87 N. W. 793; *Goetz v. Bank of Kansas City,* 119 U. S. 551, 560, 7 Sup. Ct. 318, 30 L. Ed. 515.

These cases are in harmony with the repeated rulings of this court. *Felt v. Amidon,* 43 Wis. 467; *Stone v. N. W. Sleigh Co.* 70 Wis. 585, 36 N. W. 248; *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542, 44 N. W. 1085; *Grisim v. M. C. R. Co.* 84 Wis. 19, 22, 54 N. W. 104; *Huganir v. Cotter,* 92

Wis. 1, 4, 65 N. W. 364; *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 99 N. W. 366, 368. In a recent case admissions of the president of the village, made subsequent to the accident, were held admissible as tending to prove knowledge on his part prior to the accident that the street had been used as alleged. *Radichel v. Kendall,* 121 Wis. 560, 99 N. W. 348, 350. But there was no purpose in that case of trenching upon the well-established rule mentioned, and, in so far as it seems to do so, it must be regarded as overruled. · The notice required by the statute was, of course, a condition precedent to maintaining the action. *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. Without proof of the service of such notice, there could be no recovery. Otherwise the evidence seems to have been sufficient to take the case to the jury.

4. Exception is taken because the court charged the jury:

"In determining where the preponderance or the greater weight of the evidence lies, *that is not to be determined* by the number of witnesses on either side, or by the number of witnesses on any particular material point."

From this statement the jury may have inferred that the number of witnesses upon any given question was of no consequence, and not to be considered, and hence subject to the criticism which this court has frequently made. *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215, 217, 218, 52 N. W. 93, and cases there cited; *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, 185, 61 N. W. 771. The error in the charge in that case was quite similar to the one in the case at bar, but it was there held not to be misleading, because it was followed by a further and correct charge to the jury in the same connection. So here the jury were told in the same connection:

"But that evidence is said to preponderate or outweigh on any given question which is the most satisfying or the most convincing to your minds after you have thoroughly and carefully considered it. It is for you to determine the credit and weight to be given to each witness in the case."

The error, however, should not be repeated. Other exceptions to the charge have not been overlooked, but none of them are regarded as of sufficient consequence to call for special consideration here.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.