KANSIER, APPELLANT, *v.* CITY OF BILLINGS, RESPONDENT.

(No. 4,031.)

(Submitted September 11, 1919. Decided October 1, 1919.)

[184 Pac. 630.]

*Municipal Corporations — Personal Injuries — Sidewalks — Defects in Construction — Evidence — Use of Walks Without Accident—Trial — Offer of Proof — Notice—Presumptions— Instructions.*

Cities and Towns—Defect in Sidewalks—Notice—What Insufficient—Offer of Proof.
1. *Held,* that an offer of proof that cement walks, other than the one on which plaintiff fell, constructed at the same time and by the same contractor and under the same conditions, had been chipped to make them less slippery, was properly refused, since knowledge of this fact was insufficient to impute notice to defendant that the one upon which the accident occurred was likewise defective.

Same—Offer of Proof—Proper Exclusion.
2. The offer above referred to was properly excluded for the further reason that it failed to fix the time when the chipping of the surface of the other walks was done.

Same—Sidewalks—Evidence as to Use by Others Without Accident—Admissibility.
3. *Held,* that plaintiff having introduced evidence to show that other persons had fallen on the same sidewalk on which she fell, defendant city was properly permitted to show that still others had used the walk without encountering difficulty and had never observed others to encounter any.

Evidence—Admission Without Limitation—Presumption.
4. Where evidence is admitted generally, without being limited to any one particular purpose, it will be presumed that the jury considered it in determining the main issue in the case.

Trial—Evidence—Striking Answer—Proper Refusal of Motion.

5.  Where a question asked a witness was not objected to, the court may not be put in error for refusing to strike the answer.

Cities and Towns—Instructions—When Rejection of Offer Proper.

6.  Where the only negligence alleged in an action against a city was the defective condition of a sidewalk caused by excessive troweling of the cement, and there was no evidence to show that the elements were a contributing cause to plaintiff's injury, an offered- instruction that liability would attach even though the injury was due to the combined result of the elements and the condition of the walk was properly refused.

Same—Instructions—Comment on Weight of Evidence.

7.  A requested instruction that defendant city had notice through one of its aldermen of the defect in a sidewalk was objectionable as a comment on the weight of the evidence.

Same—Commenting on Weight of Evidence.

8.  A requested instruction to the effect that "the positive testimony of one credible witness to a fact is entitled to more weight than the testimony of several witnesses equally credible, who testify negatively, or to collateral circumstances merely persuasive in their character, from which a negative may be inferred," was properly refused, as commenting on the weight of the evidence.

[As to instructing on matters of fact, see note in 14 **Am. St. Rep.** 36, 37.]

Same—Defective Sidewalks—Liability of Defendant—Correct Instruction.

9.  An instruction that if at the date of the accident and prior thereto the sidewalk in question was reasonably safe for public use, plaintiff could not recover damages, correctly stated the law and was not objectionable as denying to plaintiff the presumption that the walk was in a reasonably safe condition for travel.

Same—Instructions—Contributory Negligence—Issues.

10.  An instruction defining an accident and stating that if plaintiff was at the time she fell exercising reasonable care and caution for her own safety and the walk was in a reasonably safe condition, recovery of damages could not be had, *held* not improper as injecting the question of contributory negligence into the case.

Same—Sidewalks—Defective Construction—Presence of Snow and Ice—Improper Instruction—Issues.

11.  Plaintiff· having relied solely for recovery on the defective construction of the sidewalk on which she fell, and no evidence appearing in the record showing the presence of ice or snow on the walk, the giving of an instruction that if the accident occurred because of their presence, she could not recover, *etc.*, though not to be commended, *held* harmless.

Trial—Instruction—When Party must Request.

12.  A party desiring an instruction upon a particular point must tender one embodying his ideas, else he cannot complain on appeal because of the absence of an instruction covering the point.

Same—Instructions—Repetition—Not Reversible Error.

13.  Repetition of an instruction does not alone constitute reversible error.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by Dora Kansier against the city of Billings. Judgment for defendant, and plaintiff appeals from it and an order denying her a new trial. Affirmed.

*Messrs. Grimstad & Brown,* for Appellant, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

It was error to permit respondent to show by certain witnesses that they had no difficulty themselves in using the sidewalk where the injuries took place, or to state whether they observed anyone else having any difficulty in the use of it, and in what manner they used the sidewalk. A reading of the record discloses that practically in every instance there was no showing on the part of the respondent that the conditions were the same at the time these various people walked over the sidewalk, or observed others walking over it, as the sidewalk was at the time of the injury. Evidence of the character introduced over the objection of appellant was clearly inadmissible for any purpose whatever. Its only tendency would be to confuse the issues and was not proof of anything. (1 Jones' Blue Book on Evidence, 827; *McGrail* v. *Kalamazoo,* 94 Mich. 52, 53 N. W. 955; *Bauer* v. *Indianapolis,* 99 Ind. 56; *Branch* v. *Libbey,* 78 Me. 321, 57 Am. Rep. 810, 5 Atl. 71; *Temperance Hall Assn.* v. *Giles,* 33 N. J. L. 260; *Marvin* v. *New Bedford,* 158 Mass. 464, 33 N. E. 605; *Kidder* v. *Dunstable,* 11 Gray (Mass.), 342; *Anderson* v. *Taft,* 20 R. I. 362, 39 Atl. 191; *Garske* v. *Town of Ridgeville,* 123 Wis. 503, 3 Ann. Cas. 747, 102 N. W. 22; *Mayer* v. *Thompson-Hutchison Bldg. Co.,* 116 Ala. 634, 22 South. 859.)

In the case of *Bryce* v. *Chicago etc. Ry. Co.,* 103 Iowa, 665, 72 N. W. 780, the court held that evidence that no accident had occurred at the place in question where the injury sued upon occurred during its nine years' use should not be admitted. To the same effect in the case of *Baltimore & R. Turnpike Road Co.* v. *State,* 71 M'd. 573, 18 Atl. 884. In that case evidence was offered that during thirty-two years past there had been

no complaint of the dangerousness of the place and no one had been injured there.

It is true. that in the trial of this case plaintiff offered evidence showing that other persons had walked over the sidewalk and had slipped and fallen there. This, however, was offered only for the purpose of showing notice in the city of the condition of the walk. Evidence of this character is admissible. (*Leonard* v. *City of Butte*, 25 Mont. 410, 65 Pac. 425; *O'Flynn* v. *City of Butte*, 36 Mont. 493, 93 Pac. 643; *Pullen* v. *City of Butte*, 45 Mont. 46, 121 Pac. 878; 1 Jones on Evidence, 825.)

*Mr. J. H. Johnston*, for Respondent, submitted a brief and argued the cause orally.

It would seem that in view of the decision of this court in the case of *Pullen* v. *City, of Butte*, cited by appellant, it should be unnecessary to cite other authority in support of the proposition that the evidence deemed objectionable is admissible and competent for the purpose of showing the dangerous character of the place in question. The court holding such evidence admissible for that purpose, we do not believe the respondent will be denied the right to meet such testimony in the only practical way possible, by showing the experience of others as was done in this case by the evidence objected to.

The case of the *District of Columbia* v. *Arms*, 107 U. S. 519, 27 L. Ed. 618, 2 Sup. Ct. Rep. 840, is a well-considered case and much cited. In this case the witness was asked whether other accidents had happened at that place. The court allowed the question against the city's objection, for the purpose of showing the condition of the street, and the liability of other persons to fall there. The witness answered that he had seen persons stumble over there. The supreme court upheld the ruling of the trial court. (See, also, *Smith* v. *Township of Sherwood*, 62 Mich. 159, 28 N. W. 806–809; *Lombar* v. *Village of East Tawas*, 86 Mich. 14, 48 N. W. 947, 948; *Yates* v. *City of Covington*, 119 Ky. 228, 83 S. W. 592; *Smith* v. *City of*

*Seattle,* 33 Wash. 481, 74 Pac. 674; *City of Junction City* v. *Blades,* 1 Kan. App. 85, 41 Pac. 677, 678; *City of Topeka* v. *Sherwood,* 39 Kan. 690, 18 Pac. 933–936; *Birmingham Union Ry. Co.* v. *Alexander,* 93 Ala. 133, 9 South. 525; *City of Bloomington* v. *Legg,* 151 Ill. 9, 42 Am. St. Rep. 216, 37 N. E. 696; *Hunt* v. *City of Dubuque,* 96 Iowa, 314, 65 N. W. 319; *City of Augusta* v. *Hafers,* 61 Ga. 48, 34 Am. Rep. 95; *Darling* v. *Westmoreland,* 52 N. H. 401, 13 Am. Rep. 55; *Findley Brewing Co.* v. *Bauer,* 50 Ohio St. 560, 40 Am. St. Rep. 686, 35 N. E. 55; *City of Taylorville* v. *Stafford,* 196 Ill. 288, 63 N. E. 624; *Scott* v. *City of New Orleans,* 75 Fed. 373, 21 C. C. A. 402.)

In *Calkins* v. *City of Hartford,* 33 Conn. 57, 87 Am. Dec. 194, defendants offered evidence that a number of persons, during the whole of the time claimed, repeatedly passed along and over the sidewalk in question without slipping thereon, or experiencing any inconvenience whatever. The court held it admissible. Other cases holding such negative evidence admissible are: *Birmingham Union Ry. Co.* v. *Alexander,* 93 Ala. 133, 9 South. 525; *Doyle* v. *St. Paul M. & M. Ry. Co.,* 42 Minn. 79, 43 N. W. 787; *Illinois Central R. Co.* v. *Treat,* 179 Ill. 576, 54 N. E. 290; *City of Aurora* v. *Brown,* 12 Ill. App. 122; Wigmore on Evidence, sec. 458.)

MR. JUSTICE HURLY delivered the opinion of the court.

This action was brought for the recovery of damages alleged to have been sustained by the plaintiff by reason of falling on a sidewalk in the city of Billings in December, 1914.

The complaint alleges that the sidewalk at the place where the accident occurred was constructed and allowed to remain in an improper, dangerous and defective condition, the result of improper and excessive troweling and working of the cement in the construction and finishing of the surface of the sidewalk, thereby making the same glassy, smooth, and slippery; that during said time accidents had frequently happened to persons walking thereon, and that such dangerous condition had existed for a period of over six years prior to the time of the

accident in question; that during all of this time the defendant had notice, or in the exercise of ordinary caution should have known, of the said accidents and dangerous condition; and that wholly and by reason of the negligent, careless, and unlawful acts and omissions of the defendant, and without any fault or want of care on her part, and without any knowledge on her part of the dangerous and defective condition of said sidewalk, she was injured as alleged.

A trial to a jury was had, in which trial defendant prevailed, a new trial was denied, and the case appealed to this court from the order denying the motion for new trial, and from the judgment.

Plaintiff's testimony, so far as pertinent to the questions involved upon the appeals, is substantially as follows: "There was snow on the sidewalk, and in places there was no snow at all. It was dry and glassy. It was like glass; it was so slick. On the place where I fell it was dry and glassy. There was no snow there. * * * I was wearing ordinary shoes and was walking along slow. There was some snow a few feet ahead of where I fell. * * * I had heard the walk was slick, and I never paid any attention to it. I went up and down this street about once a week. * * * I don't know what caused the smooth and slippery surface of the walk where I fell. I know it was more smooth and glassy than the sidewalk adjoining it. I have lived where I now live for about six years, and have been over this walk at all seasons of the year—winter, summer, spring and fall. I never fell or slipped before. I do not know that I ever observed that it was dangerous for travel by people on foot, but I knew it was a little slick from what I had heard, but I never paid much attention to it myself. My knowledge was wholly from what I had heard, and not from what I had noticed myself. I had no more difficulty in going over this sidewalk than the rest of '' ' sidewalk in the same block, or any other sidewalk. I h... noticed that the walk was slippery. I heard my neighbors and other people say the walk was dangerous. I did not discontinue using it. I

never saw anyone else fall on the sidewalk.   *   *   *   I am certain I did not fall on any particular portion of the walk which was covered by snow.   The snow had nothing whatever to do with my falling on the sidewalk, or with the accident.''

Other testimony was given by plaintiff's witnesses to the effect that the sidewalk in question was slippery, and that other people had slipped or fallen thereon on numerous occasions, [1, 2]   and that it was slippery and smooth because defectively constructed, as alleged in the complaint.

The plaintiff also offered to prove by the witness Burke ''that walks similar to the one on which the accident occurred, and which had been constructed by the same contractors, at the same time, and under the same conditions, have been chipped on the surface by the city of Billings.''   This testimony was offered for the sole purpose of showing notice to the city of the condition of the walk on which the accident occurred, and not to impute negligence to the defendant.   Defendant objected to the offer, which objection was sustained, and appellant's assignment of error numbered 1 is based thereon.

Assuming that the city may have had notice or knowledge that the other walks referred to in the offer of evidence were defective, we fail to see how this fact would impute notice to the city that the walk on which Mrs. Kansier was injured was likewise defective.   Besides, the offer of proof does not attempt to fix the time when the changes in the other walks were made.

Among other things, numerous witnesses on the part of the [3]   defendant testified that they were familiar with the condition of the walk in question, had used it frequently for a number of years, had seen its use during that period, and had never had any difficulty in the use of the same, and had never observed others to have any difficulty.   This testimony was received, in part, over the objection of the plaintiff, though as to some of the questions upon this subject timely objections were not made.   Upon the rulings of the court in admitting this testimony, specifications of error numbered 2 to 27, inclusive, are based.

As to the questions involved in these specifications, the record discloses, as heretofore stated, that plaintiff offered the evidence of witnesses to the effect that persons other than plaintiff had slipped or fallen on the walk in question. This evidence appears in the record without objection, and plaintiff contends it was admissible under the authority of *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, *O'Flynn* v. *City of Butte,* 36 Mont. 493, 93 Pac. 643, and *Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878, and as it was received by the court it is necessary to mention it but briefly.

Appellant asserts that the testimony offered by plaintiff was [4] solely for the purpose of showing notice, and not for the purpose of showing negligence; but an examination of the record does not disclose that it was offered for this purpose only, nor did the plaintiff tender, nor the court give, an instruction limiting the effect of the evidence to that end only. It having been admitted generally, it must be presumed that the jury considered the same in determining whether or not the walk in question was in fact dangerous in the respects alleged by appellant.

The important fact for the jury to determine in the case was whether or not the walk was improperly constructed, rendering it dangerous for pedestrians. Unless plaintiff's claim was substantiated in this respect, she could not recover. From the testimony offered, the jury must have considered the same as bearing upon the defective condition of the walk. Defendant surely was entitled to offer testimony that the walk in question was not dangerous in the respects contended by plaintiff. Plaintiff, however, contends that the evidence offered by the city was not competent, and did not tend to disprove plaintiff's contentions. Numerous cases are cited by appellant as authority for the position that the testimony so received was not competent.

As a whole, the cases cited by appellant sustain the proposition that where, as in the case of an obstruction on a sidewalk raising the surface of the walk several inches higher than

the surrounding walk (*Bauer* v. *Indianapolis,* 99 Ind. 56), where a party fell into an area opening into a public footway (*Temperance Hall Assn.* v. *Giles,* 33 N. J. L. 260), where injury resulted from a circular hole, with an additional depression in the walk (*Marvin* v. *City of New Bedford,* 158 Mass. 464, 33 N. E. 605), where a sleigh was pushed off the road by a passing vehicle, by reason of the way not being wide enough for two to pass (*Kidder* v. *Dunstable,* 11 Gray (Mass.), 342), in a case where plaintiff was injured by a falling rock in a mine (*Burgess* v. *Davis,* 165 Mass. 71, 42 N. E. 501), or where a railroad employee was injured in moving cars upon a track which moved up and down when cars were moved over it, by reason of the track being laid in boggy ground (*Louisville R. Co.* v. *Kemper,* 153 Ind. 618, 53 N. E. 931), or where animals, being transported on a ferry-boat, fell off and were injured, by reason of there being no barrier on the boat (*Lewis* v. *Smith,* 107 Mass. 334), or where, a bridge over a stream having been washed out, travelers were forced to drive through the stream and one was injured by driving into a hole therein (*Garske* v. *Town of Ridgeville,* 123 Wis. 503, 3 Ann. Cas. 747, 102 N. W. 22), or where a person in the dark fell down an elevator shaft (*Parker* v. *Portland Pub. Co.,* 69 Me. 175, 31 Am. Rep. 262), or where a brick from a cornice fell, injuring a workman (*Mayer* v. *Thompson etc. Bldg. Co.,* 116 Ala. 634, 22 South. 859), or where a railway employee was injured by projecting bolts, because there was not room between the train and the projection to permit him to ride in safety (*Bryce* v. *Chicago etc. Ry. Co.,* 103 Iowa, 665, 72 N. W. 780), or where horses fell over an unprotected embankment (*Baltimore & R. Turnpike Road Co.* v. *State,* 71 Md. 573, 18 Atl. 884), evidence as to the use, maintenance or existence of the cause of the injury for months, or even years, without injury to persons or animals, was not competent on the part of the respective defendants.

*Anderson* v. *Taft,* 20 R. I. 362, 39 Atl. 191, and *Branch* v. *Libbey,* 78 Me. 321, 57 Am. Rep. 810, 5 Atl. 71, sustain, in a general way, appellant's position; but neither contains a re-

cital of sufficient facts to illustrate the principle involved.  *Mc-Grail* v. *Kalamazoo,* 94 Mich. 52, 53 N. W. 955, cited by appellant, we regard as not in point.

On the other hand, in *Birmingham U. Ry. Co.* v. *Alexander,* 93 Ala. 133, 9 South. 525, plaintiff was injured while driving a wagon on the tracks of the defendant at a public crossing; the injury being alleged to have been by reason of the tracks not having been properly ballasted and surfaced, nor level with the surface so as to permit unobstructed passage across the street. The trial court permitted testimony on the part of defendant that others had passed over this particular point and that they had found the same in such condition as not to hinder the free passage of vehicles. In passing upon the question involved, the supreme court said: "It would  *  *  *  have been competent for the plaintiff to prove that other similar casualties had happened at that crossing, as tending to show a defective condition of the track. On like considerations the defendant should be allowed the benefit of proof that the track, as it was at the time, was constantly crossed by other persons, under similar conditions, without inconvenience, hindrance or peril, as evidence tending to show the absence of the alleged defect, or that it was not the cause to which the injury complained of should be imputed. The negative proof in the one case, equally with the affirmative proof in the other, serves to furnish the means of applying to the matter the practical test of common experience. A knowledge of the experience of others, who were, in like manner with the plaintiff, brought into contact with the alleged defective structure, may enable the jury to weigh all the evidence before them in the light of the rule that like causes, operating under like conditions, produce like results. If the question is looked at from the standpoint of common sense, it is plain that one seeking to reach a satisfactory conclusion as to whether or not the defect existed or caused the injury would not reject the aid furnished by the fact that other vehicles were constantly passing over the track at that point

without any observable hindrance. The court erred in excluding the evidence upon this subject.''

In *City of Aurora* v. *Brown,* 12 Ill. App. 122, an action for an injury alleged to have been sustained by reason of a slippery walk, the court said: ''Questions are made by appellant in regard to the admissibility of certain evidence to the effect that others slipped and fell on this walk, and a great deal of authority is quoted on both sides on the subject. The court admitted this class of evidence against the objection of appellant. We are of the opinion that the evidence was admissible. The defect claimed in the walk was that it was so smooth that it was dangerous to travel on account of travelers slipping down upon it. How could it be told whether men's feet would slip while passing over it, unless by experiment or trial, or to what extent or how badly they would slide? It was material to know whether the feet would slide from under a person while walking on an ordinary walk, or, if he was taking short, careful steps, what the effect would be.''

In *Calkins* v. *City of Hartford,* 33 Conn. 57, 87 Am. Dec. 194, the court said: ''In this case the plaintiff offered evidence tending to show that she sustained an injury by slipping on a formation of ice, which had remained about four days on a sidewalk, * * * and that it was dangerous to cross. * * * The defendants offered evidence to show that a number of persons during the whole time claimed repeatedly passed along and over the sidewalk in question, without slipping thereon or experiencing any inconvenience whatever. * * * One important question in this case was whether, if the ice was there, it was or was not in a slippery and dangerous condition. If the plaintiff had offered evidence to show that a number of persons had actually slipped upon it, it would have been strong proof that it was in a slippery and dangerous condition. Men always act on such evidence in deciding whether they will risk their limbs or not. Why, then, should not proof that a number of persons passed over it and did not slip be admitted as tending to show that it was not in a slippery condition?''

In distinguishing the rules relative to cases of the class involved herein, the supreme court of Connecticut in *Taylor* v. *Town of Monroe*, 43 Conn. 36, used the following language, which seems particularly pertinent: ''The object of the proposed evidence was to show that actual use had tested the way and had shown it to be safe. * * * To reach that object the use and experience of others relied upon must have been of a nature to have tested the alleged defect; or, in other words, it must have been a use and test substantially similar to that of the plaintiff.''

The application of this rule would seem to leave much to the discretion of the trial court in determining whether or not the case falls within the class where such evidence is admissible. Certainly, in the case at bar the evidence of the witnesses for the defendant showed tests and experience similar to that of plaintiff.

We believe the court committed no error in admitting the evidence.

Specification No. 28 needs no discussion, as that assignment [5] of error is based upon the refusal of the court to strike the answer of the witness Wesch to a certain question; the question itself not having been objected to. In this the court certainly committed no error.

Appellant tendered the following instruction, and specification [6] of error No. 29 is based upon the court's refusal to give the same: ''The court instructs the jury that if they believe from the evidence that the plaintiff was injured and sustained damages as charged in the complaint, and that such injury was the combined result of the elements and the defective and improper construction of said sidewalk (if they find the construction of said walk to be defective and improper), and that the damage would not have been sustained but for such defective and improper construction of said sidewalk, although the primary cause was due to the elements, still if the jury further believe from the evidence that the plaintiff was guilty of no fault or negligence on her part, and the accident one which

common prudence and ordinary sagacity on the part of the plaintiff could not have foreseen and provided against, then the defendant is liable, provided the jury believe from the evidence that the defendant was guilty of negligence in not remedying the improper and defective construction of said sidewalk, within a reasonable time after the defendant either had actual notice of said defective and improper construction or in the exercise of ordinary care and diligence should have discovered the existence of such defective and improper construction." We believe the court did not commit error in the respects contended for by appellant. There is no evidence in the case that the elements were the primary cause, or any cause whatever, of the injury to appellant, or that the elements in any way or to any extent caused or contributed to appellant's injury. On the contrary, appellant's own testimony, as heretofore recited, was to the positive effect that the elements in no way contributed to the injury.

Error is likewise assigned by appellant upon the court's refusal to give her proposed instructions numbered 6 and 10 (specifications 30 and 31), which are as follows:

No. 6: "The court instructs the jury that the city of Billings, by its officer, Mr. McDonald, one of its aldermen, had notice of the existence of a smooth, slippery, and glassy condition of the surface of the sidewalk, at the point complained of, at and prior to the time of the alleged injury to plaintiff; and if you find that the existence of such smooth, slippery and glassy condition of the surface of the sidewalk constituted a dangerous defect therein, on account of the defective and imperfect construction, then the city would be liable for any damages sustained by plaintiff on account of the existence of such defect, if you find from the evidence that the same was a defect and the plaintiff was in the exercise of ordinary care while walking thereon and thereover."

No. 10: "The court instructs the jury that the positive testimony of one credible witness to a fact is entitled to more weight than the testimony of several witnesses equally credible who testify negatively, or to collateral circumstances

merely persuasive in their character from which a negative may be inferred."

We believe that both of these instructions were comments upon the weight of the evidence, and, as has been so often held by this court, were not proper instructions to be submitted to the jury. In addition, the sixth proposed instruction does not embody the rule relating to proximate cause. (*Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904.)

Error is also assigned by reason of the giving by the court of instructions 7, 9, 10, 11 and 12 (specifications 32–36), as follows:

No. 7: "You are instructed that if you believe from the [9] evidence in this case that the particular sidewalk described in the complaint herein, and which it is alleged was improperly constructed, was at the date of the accident in question, and prior thereto, reasonably safe for public use and travel, then the plaintiff cannot recover in this action, and you should find for the defendant."

No. 9: "You are instructed as a matter of law that a city is not required to have its sidewalks so constructed as to secure to persons using them absolute and complete immunity from injury, nor is it bound to use the utmost care and exertion to that end. It is not an insurer against injuries, and its legal duty in this connection is fully discharged if it constructs and maintains its sidewalks in such manner as to be reasonably safe for use by persons exercising ordinary care and caution."

No. 10: "You are instructed that an 'accident' is an unusual [10] and unexpected occurrence, to which human fault does not contribute, and that if the injuries sustained by plaintiff, if any, were purely the result of an accident as above defined, then she cannot recover in this action. In other words, if the sidewalk upon which plaintiff fell was at the time in a reasonably safe condition for public use and travel, and the plaintiff was at that time exercising reasonable care and caution for her own safety, then the occurrence must be deemed to be purely an accident or a misfortune, for which the city is not liable."

No. 11: "You are instructed that the ordinary and reasonable care required of plaintiff is that degree of care which might reasonably be expected from an ordinarily prudent person under the circumstances surrounding her at the time. If you find from the evidence that at the time in question the sidewalk was improperly constructed, and by reason of such improper construction was unusually slippery or otherwise dangerous, and you further find that such facts were then known to plaintiff, then the law required her to use more care than if she had not such knowledge, and if she neglected to do so, and such neglect contributed to the injury she sustained, if any, she cannot recover in this action, and your verdict should be for the defendant."

No. 12: "You are instructed that the negligence charged against the defendant in this case is the alleged improper and [11] defective construction of the sidewalk in question, and it is contended by plaintiff that the accident was caused by the slippery and dangerous condition of the surface of the sidewalk, due wholly to such alleged improper construction. Therefore, if you find from the evidence that the accident was caused by the plaintiff stepping or slipping upon ice or snow which lay upon such sidewalk, or if you find that such accident was due to any cause whatsoever other than the particular cause charged in the complaint, then the plaintiff cannot recover in this action, and you should find for the defendant."

No. 7, we believe, correctly states the law. Complaint is made that the instruction "denies the plaintiff the presumption that the walk was in a reasonably safe condition for travel." We do not think the instruction can be so construed. If the [12] plaintiff desired an instruction covering the point now urged by her, it was the duty of counsel to tender one upon the point embodying their ideas.

To instruction No. 9 the only objection urged was that it [13] was repetition, and this, we think, may be disregarded.

The objection urged at the trial to instruction No. 10 was that it was "an attempt to raise the question of contributory

negligence, which is not an issue in the case.'' In this construction we do not agree. (*Hunter* v. *Montana Cent. Ry. Co.*, 22 Mont. 525, 57 Pac. 140.)

Instruction No. 11 was objected to upon the trial solely because there was no evidence, as contended by appellant, to support the instruction, and nothing to show whether or not plaintiff had any notice of the alleged defects in the walk. We think a reading of the portion of the testimony set forth in this opinion will disclose that there was sufficient testimony by plaintiff herself to justify this instruction.

Instruction No. 12, under the testimony, might well have been omitted; but we fail to find where any prejudice to plaintiff's rights could follow from the giving of the same.

No error appearing in the rulings of the trial court, the motion for new trial should have been denied. The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, PATTEN and COOPER concur.

# CASES DETERMINED

### IN THE

# SUPREME COURT

#### AT THE

## OCTOBER TERM, 1919.

---

THE HON. THEODORE BRANTLY, Chief Justice.

THE HON. WILLIAM L. HOLLOWAY,
THE HON. JOHN HURLY,
*THE HON. GEORGE Y. PATTEN,      } Associate Justices.
THE HON. CHARLES H. COOPER,
†THE HON. JOHN A. MATTHEWS,

